UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, by and through his Parent, JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> EAST LYME BOARD OF EDUCATION and the CONNECTICUT STATE DEPARTMENT OF EDUCATION, <br><br> Defendants. | CIVIL ACTION <br> NO. 3:11-cv-00291-JBA |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs John Doe ("John") and Jane Doe ("Ms. Doe") hereby move, pursuant to 20 U.S.C. §1415(i)(2), Conn. Gen. Stat. §10-76h, and Rule 56 of the Federal Rules of Civil Procedure, that the Court enter summary judgment in their favor, granting all relief sought against defendant East Lyme Board of Education (the "Board") in the Complaint. In support of their motion, the plaintiffs submit the following:

1. The hearing officer's decision contains errors of law and fact, and is unsupported by a preponderance of the evidence.

2. The hearing officer's decision is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

3. The hearing officer's decision violates the plaintiffs' rights to due process of law.

4. The hearing officer's decision ignores relevant precedent, including, *inter alia*, the decision of the United States Supreme Court in *Florence County School District Four v. Carter*, 510 U.S. 7 (1993).

<u>ORAL ARGUMENT REQUESTED</u>

5. Without limiting the generality of the foregoing, the plaintiffs seek relief as to the following portions of the hearing officer's decision:

   a. The portion of the decision that holds that the Board offered John FAPE for the 2008-2009 school year, despite the fact that the Board failed to provide John with all of the services specified in his IEP for that school year;

   b. The portion of the decision that holds that the Board offered John FAPE for the summer of 2009;

   c. The portion of the decision that holds that the Board offered John FAPE for the 2009-2010 school year;

   d. The portion of the decision that holds that the Board offered John FAPE for the summer of 2010;

   e. The portion of the decision that holds that "SSA is not an appropriate placement" for John;

   f. The portion of the decision that holds that the Board is not financially responsible for SSA tuition or for the cost of related services;

   g. The failure of the decision to find explicitly that the Board's failure to develop an IEP for the summer of 2010 violated John's right to FAPE, and the failure to order relief for that violation;

   h. The failure of the decision to find explicitly that the Board's failure to develop an IEP for the 2010-2011 school year deprived John of FAPE, and the failure to order relief for that violation;

   i. The failure of the decision to hold that the programs and placements provided by Ms. Doe during the periods at issue were and are appropriate to meet John's needs;

   j. The failure to order reimbursement for the programs and placements provided by Ms. Doe, including SSA tuition, additional services (including speech-language therapy and Orton-Gillingham instruction), and transportation during the 2009-2010 and 2010-2011 school years, and services and transportation during the summers of 2009 and 2010;

   k. The failure to grant relief for the Board's violation of John's "stay-put" rights pursuant to 20 U.S.C. § 1415(j); and

   l. The conclusion that the board's procedural violations were not sufficiently significant to invalidate any proposed IEP or to constitute a denial of FAPE.

6. Because there are no material facts in dispute, the plaintiffs are entitled to judgment as a matter of law pursuant to 20 U.S.C. §1415(i)(2), Conn. Gen. Stat. §10-76h, and Rule 56 of the Federal Rules of Civil Procedure.

7. As per 20 U.S.C. § Section 1415(i)(2), the district court "shall receive the records of the administrative proceedings" and "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(B). Accordingly, in support of their motion, the plaintiffs also rely on the following, all of which are filed herewith:

   a. The administrative record of proceedings before the SDE, consisting of pages numbered 0001 through 2224 (with sequence 0413 through 0543 intentionally omitted);

   b. Local Rule 56(a)(1) Statement in Support of Plaintiffs' Motion for Summary Judgment;

   c. Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment;

   d. Affidavit of Anthony D. Bram;

   e. Affidavit of Robert L. Kemper;

   f. Affidavit of Geraldine L. Theadore;

   g. Affidavit of Janet M. Campbell;

   h. Affidavit of Karen L. Rosenberg; and

   i. Affidavit of Jane Doe;

8. In light of the defendant's violations of the Individuals with Disabilities Education Act and Connecticut state law, the plaintiffs seek the following relief:

   (1) Reversal of a decision and order rendered by the Connecticut State Department of Education ("SDE"), dated January 10, 2011 (a copy of which is attached to the Complaint as Exhibit A), insofar as the decision and order denied the plaintiffs' requests for relief regarding the 2008-2009, 2009-2010 and 2010-2011 school years and the summers of 2009 and 2010;

(2) A declaration that the programs that Ms. Doe provided for John during the 2008-2009, 2009-2010 and 2010-2011 school years, consisting of the Solomon Schechter Academy in New London, Connecticut plus special education and related services from private providers, as well as services that Ms. Doe provided during the summers of 2009 and 2010, were and are appropriate to meet John's needs;

(3) An order requiring reimbursement of expenses that Ms. Doe has incurred in connection with John's programs and placements for the 2008-2009,[1] 2009-2010, and 2010-2011 school years, and the summers of 2009 and 2010; and

(4) An award of compensatory services for the 2008-2009, 2009-2010, and 2010-2011 school years, and the summers of 2009 and 2010.

For the reasons set forth more fully in their accompanying Memorandum of Law, the plaintiffs request that this Court grant Summary Judgment in their favor.

Respectfully submitted,

JOHN DOE and JANE DOE

By their attorneys,

/s/ *Barbara L. Cox*
BARBARA L. COX
Fed. Bar No. Ct08523
The Gallagher Law Firm
1377 Boulevard, P.O. Box 1925
New Haven, CT 06509
Tel.: (203) 624-4165; Fax: (203) 865-5598
Fax: (617) 367-2988
Email: bcox@gallagher-lawfirm.com


/s/ *Eileen M. Hagerty*
Eileen M. Hagerty

---

[1] For the 2008-2009 school year, the plaintiffs seek relief only as to special education and related services that the Board agreed to provide to John, but failed to provide in full. The plaintiffs do not seek reimbursement for Solomon Schechter Academy tuition for the 2008-2009 school year because, pursuant to an agreement discussed in more detail in the accompanying statement of facts and memorandum of law, Ms. Dow agreed to pay the tuition for that year, in exchange for the Board's agreement to fund special education and related services while John attended Solomon Schechter Academy.

                                                      Fed. Bar No. phv04555
                                                      KOTIN, CRABTREE & STRONG, LLP
                                                      One Bowdoin Square
                                                      Boston, MA 02114
                                                      Tel.: (617) 227-7031; Fax: (617) 367-2988
                                                      Email: ehagerty@kcslegal.com

Dated: January 17, 2012

## CERTIFICATE OF SERVICE

       I hereby certify that on January 17, 2012, a copy of the foregoing Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      /s/ *Eileen M. Hagerty*
                                                      Eileen M. Hagerty
                                                      Fed. Bar No. phv04555