UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE by and through his parent, JANE DOE : | NO.: 3:11cv00291 (JBA) |
| : | |
| v. : | |
| : | |
| EAST LYME BOARD OF EDUCATION and the CONNECTICUT STATE DEPARTMENT OF EDUCATION : | FEBRUARY 1, 2012 |

### EAST LYME BOARD OF EDUCATION'S OBJECTION TO PLAINTIFF'S SUPPLEMENTATION OF RECORD ON SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c)(2) and (d), and 20 U.S.C. §1415(i)(2)(C)(ii), the Defendant hereby objects to the supplemental evidence submitted by the Plaintiff in this matter, and requests an order that this evidence be disallowed by the Court in issuing a decision on the cross-motions for summary judgment.

The parties submitted cross-motions for summary judgment for the Court's consideration on January 17, 2012. Opposition briefs are due on February 17, 2012. In Plaintiff's memorandum of law, Plaintiff claims that the Court "shall hear the additional evidence at the request of a party," quoting the IDEA statute, 20 U.S.C. §1415(i)(2)(C)(ii). (Doc. No. 39, pp. 13-14). In support of his motion Plaintiff has submitted additional evidence comprised of the following: six (6) affidavits, witness C.V.s, three (3) evaluation reports from 2011, and report cards. More specifically, the Plaintiff has submitted the following evidence: (1) an affidavit of

Jane Doe (hereinafter "Doe"), an affidavit of Janet Campbell (hereinafter "Campbell") (Adm. Rec., at p. 1574), an affidavit of Karen Rosenberg (hereinafter "Rosenberg") (Adm. Rec., at p. 1650) and Plaintiff's report cards, and affidavit and 2011 evaluation of Dr. Robert Kemper (hereinafter "Kemper") (Adm. Rec., at p. 1744) (all of whom were witnesses from the administrative hearing); (Doc. Nos. 43, 44, 45[1]); (2) the affidavit of Geraldine Theadore (hereinafter "Theadore") and a 2011 evaluation report (Doc. No. 42) ( who was present at the hearing but not called by the plaintiff)[2]; and (3) the affidavit and C.V. of Dr. Anthony D. Bram (hereinafter "Bram"), with Bram's June 2011 psychological evaluation of the Plaintiff (Doc. No. 41, and attached Ex. A-B), a new witness purported to be an expert in clinical psychology, who did not testify at the hearing.  However, the Plaintiff did not submit a motion to supplement the record, assuming that the evidence could simply be submitted without notice to the Court or to the Defendant.  Plaintiff is mistaken.

1. **The Federal Courts Require Parties to Make a Motion to Supplement the Record, and the Plaintiff has not so Moved.**

The Plaintiff has failed to follow the necessary procedures to supplement the record under the IDEA, 20 U.S.C. §1415 *et seq*.  As stated by Judge Underhill in *P.S. v. Brookfield*, 364 F. Supp. 2d 237, 239 (D. Conn. 2005), "The IDEA permits supplementation of the administrative record, but such supplementation must be timely sought." *Id.*  A review of the decisional law in

---

[1] Although the affidavits filed by the Plaintiff in support of the Motion for Summary Judgment purport to be exhibits, Plaintiff has filed each affidavit as a separate document and thus they are referred to by number as they appear on the Court's docket.
[2] (Transcript of Administrative Hearing, 12/15/10, p. 2); (Administrative Record, p. 1641).

Connecticut and other circuits reveals that parties must file a motion to submit additional evidence. *A.S. v. Trumbull Bd. of Educ.*, 414 F.Supp.2d 152, 169-70 (D.Conn. 2006); *Town of Burlington v. Dep't of Educ. of Mass.,* 736 F.2d 773, 791 (1st Cir.1984), *aff'd on other grounds* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985); *accord Monticello Sch. Dist. No. 25 v. George L.,* 102 F.3d 895, 901 (7th Cir.1996); *Susan N. v. Wilson School District,* 70 F.3d 751 (3rd Cir.1995); *Ojai Unified Sch. Dist. v. Jackson,* 4 F.3d 1467 (9th Cir.1993). In addition, this is an established practice among special education attorneys in this District. Obviously, a motion to supplement provides the Court an opportunity to rule on whether the evidence is appropriate for the Court's review, given that an IDEA appeal is primarily a review of the administrative record giving due weight to the educational authorities who made the underlying decisions. *A.S.*, 414 F. Supp. 2d at 169-70. The decision whether and to what extent to allow admission of additional evidence is committed to the discretion of the court, "which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *Id*.

    **2. <u>Plaintiff's Evidence Should Not Be Admitted</u>**

        **a. Witnesses who Testified or Could Have Testified at the Due Process Hearing Do Not Qualify as "Additional" Evidence.**

The leading case on the appropriateness of supplementing the record is the First Circuit's case of *Town of Burlington v. Dep't of Educ.,* 736 F.2d 773 (1st Cir.1984). The First Circuit's analysis has been followed by many courts in our Circuit. *See A.S.*, *supra*; *Handleman v. Bd. of*

*Educ. of Penfield Cent. Sch. Dist.*, 2007 WL 3076970, at *3 (W.D.N.Y. 2007). Other Circuits use the *Burlington* standard as well, including the Eighth, Ninth and Eleventh Circuits. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir.1993); *Walker County,* 203 F.3d at 1299 (11th Cir.2000).

As stated by the *Burlington* court, it is an appropriate limit, in many cases, to disallow testimony for all who did, or could have testified before the administrative hearing. *Id.* at 790 ("Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of 'additional.'"); *see also Roland M. v. Concord Sch. Comm.,* 910 F.2d 983, 997 (1st Cir.1990) (In evaluating a district court's decision to exclude additional testimony of three expert witnesses, the Court stated that "we refuse to reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo."). *Handleman v. Bd. of Educ. of Penfield Cent. Sch. Dist*., 2007 WL 3076970, at *6 (W.D.N.Y., 2007).

Under this reasoning, the affidavits of Ms. Doe, Campbell, Rosenberg and Dr. Kemper should be precluded because all of these witnesses testified at the hearing.

As to Ms. Theadore, she was present and available at the December 15, 2010 hearing to testify with Dr. Kemper and Ms. Rosenberg. (Adm. Rec., at 1641). Scheduling issues were discussed and Plaintiff's counsel advised no additional hearing dates were necessary. (*Id*., at 1649). Ms. Rosenberg was called first that day and completed. (*Id*., at 1650, 1739). Plaintiff

marked written testimony of Ms. Theadore as an exhibit for identification as P-123. (*Id*., at 1650). Plaintiff then called Dr. Kemper because he was a key witness to his case (*Id*., at 1739), and said if counsel had time to also call Ms. Theadore, she would. (*Id*., at 1739-40). The Board agreed that it could present its case another time if necessary to accommodate the Plaintiff (*Id*., at 1740) and the hearing officer advised the Plaintiff that she would not accept written testimony of a witness without the ability of the Board to cross-examine. (*Id*., at 1742). Resultingly, Plaintiff's counsel indicated she would call Ms. Theadore at that time, and the Board would accommodate by allowing the Plaintiff to use Defendant's witness's scheduled time to allow Plaintiff to call Theadore. *Id*. Plaintiff's counsel agreed to call Ms. Theadore. (*Id*., at 1741) Following an off-the record conversation with Ms. Doe (*Id.*), counsel called Dr. Kemper instead. (*Id*., at 1744). Plaintiff's Counsel then stated that she would call Ms. Theadore for rebuttal. (*Id*., at 1742). After more back and forth between counsel and hearing officer, Ms. Doe and her counsel excused Ms. Theadore. (*Id*., at 1743). Plaintiff now attempts to call Ms. Theadore as a witness through testimony via affidavit despite having the chance to do so at the hearing, and choosing not to do so. This procedure is clearly inappropriate and the evidence should be precluded.

   **b. <u>Current Functioning of the Student is Not Relevant or Probative of the Issues for the Court.</u>**

Plaintiff argues in his memorandum of law that the additional evidence of the witnesses is relevant to bring the Court up to speed on current functioning of the student. (Doc. No. 39, pp. 31-37). However, the relevance of current functioning to analyze past decisions is suspect. In *A.S.*, Judge Kravitz denied plaintiff's motion to supplement the record stating, "[l]ike most of the other courts that have considered the question, this Court is skeptical of the propriety of permitting parties to an administrative appeal to supplement the record with retrospective evidence." *Id.* at 171. Judge Kravitz also found the evidence unhelpful because the evidence concerned the student's progress after the due process hearing, and the inquiry before the court is prospective in nature, viewing the evidence that was available to the educational authorities at the time of the drafting the IEP. *Id.* On this point, the court cited *Lillbask ex rel. Mauclaire v. Sergi,* 193 F.Supp.2d 503, 507 (D.Conn.2002) (hereinafter "*Lillibask I*"), *aff'd in part and rev'd in part on other grounds sub nom. Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.,* 397 F.3d 77 (2d Cir.2005) (hereinafter "*Lillibask II*"). In *Lillbask I*, Judge Dorsey reasoned, "Evidence as to [a student's] progress several years after an administrative decision does not necessarily show [whether] the same placement would have been appropriate several years earlier." *Id.,* at 507. Furthermore, as explained in the Defendant's Memorandum of Law, progress alone does not support the conclusion that a unilateral placement was appropriate. (Doc. No. 47, p. 15-17).

    c. **The Affidavits Contain Unsupported and Conclusory Statements which do not Meet Evidentiary Standards Under the Federal Rules.**

When reviewed, the affidavits of the Plaintiff's witnesses attempt to reinforce each other's credentials and effectiveness, as well as commenting on the services provided by the others.  It is not clear that the witnesses have independent knowledge of the other's services.  For example, Ms. Campbell states her "understanding" of Plaintiff's education and private services (Doc. No.  44, ¶6) and progress with her shows the "program" provided by the parent is appropriate and speculates he would have not otherwise made gains. (*Id*., at ¶7).  Ms. Doe's affidavit explains what private services she has been providing since the hearing for school years not at issue in this case, which includes <u>less</u> Orton-Gillingham instruction based on an April 28, 2011 evaluation by Dr. Kemper. (Doc. No. 43, ¶2).  Ms. Doe attempts to attest to the training and experience of Ms. Theadore, Cohen, Campbell and Skau and effectiveness of these service providers (*Id.*, at ¶¶2, 10), provides subjective assessments and experiences from the Plaintiff's perspective (*Id.*, at ¶¶5-9), and makes hearsay statements of the Plaintiff and teachers (*Id.,* at ¶¶3, 5, 7).  Ms. Doe did not testify as an expert in the due process hearing nor has she been disclosed as such and therefore, the self-serving affidavit is admissible.

Dr. Bram's affidavit and psychological report do not indicate that he has ever observed the Plaintiff in any setting other than during an evaluation or has any first-hand knowledge of SSA, East Lyme Schools or the services the Plaintiff receives. (Doc. No. 41).  The report seems to focus on the plaintiff's psychological state, which was requested by the parent "to clarify the nature of his anxiety and social difficulties and to better understand his psychological makeup in order to determine his psychosocial treatment needs."  (Doc. No. 41, Exhibit B, p. 1)

### d. **The Defendant was Deprived of an Equitable Opportunity for Discovery or Rebuttal.**

In addition, the Plaintiff's unilateral attempt to supplement the record without a motion deprived the Defendant of an opportunity to review the evidence sought to be introduced and object or otherwise request relief from the Court.  The Defendant has no equitable opportunity to rebut the evidence the Plaintiff is seeking to supplement the record with.  For example, a party may request an opportunity to depose the affiants to provide the Court with a full record, since it must analyze the weight to be afforded to the additional evidence, if so admitted.  *A.S.*, *supra* at 171-172. ("[I]t cannot be determined from the documents submitted whether all relevant health records-including those that might undermine Plaintiffs' position have been disclosed.  In order to ensure a sufficiently balanced record, the Court would have to extend discovery to allow the Board to access relevant records and depose involved witnesses….the Court is reluctant at this late stage of the proceeding to turn this administrative appeal into a full-blown civil action, replete with extended discovery and trial testimony." (*citing Konkiel v. Elmbrook Sch. Dist.* 348 F. Supp. 2d 1018, 1021 (E.D. Wis. 2004))); *See also Lillibask I,* 193 F. Supp. 2d at 507 ("To permit ongoing and lengthy discovery of a student's current progress through his or her school records, teachers, administrators, paraprofessionals, and doctors, pending an administrative appeal, would increase the litigious nature of proceedings and undermine expediency, contrary to the command to give 'due weight' to the findings of the hearing officer. . . .").

Other circuits have warned that liberal granting of additional evidence will convert these proceedings into a de novo trial about a school year that is not even at issue. *See Springer v. Fairfax County Sch. Bd.,* 134 F.3d 659, 667 (4th Cir.1998) ("A lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo.'" (*quoting Roland M. v. Concord Sch. Comm.,* 910 F.2d 983, 997 (1st Cir.1990))); *see also Walker County School Dist. v. Bennett ex rel. Bennett,* 203 F.3d 1293, 1298 (11th Cir.2000) (noting that "the conservation of judicial resources" is an "important concern" that a court should "weigh heavily" when deciding whether to supplement the record) (internal quotation marks omitted); *A.S. v. Trumbull Bd. of Educ.*, 414 F.Supp.2d 152, 172 (D.Conn. 2006).

Since IDEA appeals are generally decided on summary judgment, filing the evidence with a summary judgment motion should disallowed. Permitting supplementary evidence in this manner is akin to a trial by ambush, such as calling witnesses at trial who have never been disclosed.[3] Importantly, the Plaintiff is not enrolled in the East Lyme schools and therefore, the Defendant has not had an opportunity to observe the student during the school day on an on-going basis. In order to rebut the Plaintiff's conclusory evidence, the Defendant at a minimum must have the opportunity to take necessary depositions and/ or be given an opportunity to retain

---

[3] The Plaintiff repeatedly argues that the additional evidence is "uncontested." (Doc. No. 39, pp. 31-37). However, due to the Plaintiff's failure to request consideration of additional evidence prior to submitting the Summary Judgment motion, the Defendant has had no opportunity to review such evidence, let alone contest or rebut it. Defense counsel inquired of Plaintiff's counsel on two occasions, shortly after the case was filed and just prior to the pre-filing conference before the Court joined counsel on the phone whether the Plaintiff intended to supplement the record. However, the undersigned was advised the decision had not yet been made.

experts to review the evidence sought to be submitted as a supplement to the Administrative Record.

In *P.S.*, Judge Underhill denied a request to supplement the record after the plaintiff sought to introduce evidence upon a motion for reconsideration regarding the summary judgment decision. While Plaintiff here did not wait until after summary judgment, filing the supplementary evidence with the motion without prior notice to anyone is equally as inexcusable.  20 U.S.C. §1415(i)(2)(C)(ii) provides that the court "shall hear additional evidence **at the request of a party**" *Id.* (emphasis added).  The Plaintiff in the instant case has made no such request and has simply incorporated additional evidence in the form of affidavits into a summary judgment motion.  *See* (Doc. No. 39, pp. 12-13, 31-37).  Therefore, the Plaintiff has failed to follow the procedures set forth in the IDEA statute 20 U.S.C. §1415 *et seq.* and accordingly the additional evidence sought to be introduced should be stricken or disallowed.

                              DEFENDANT,
                              EAST LYME BOARD OF EDUCATION


                              By___*Melinda A. Powell*
                                  Melinda A. Powell (ct17049)
                                  Rose Kallor, LLP
                                  750 Main Street, Suite 606
                                  Hartford, CT  06103
                                  (860) 748-4660
                                  (860) 241-1547 (fax)
                                  E-mail:  mpowell@rosekallor.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing was filed electronically to the following counsel of record this First day of February, 2012.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Barbara L. Cox, Esq.
The Gallagher Law Firm
1377 Ella Grasso Boulevard
P.O. Box 1925
New Haven, CT  06509

Eileen M. Hagerty
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114


                                               ____*Melinda A. Powell*__
                                               Melinda A. Powell