IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------x
                                                          :
JOHN DOE, by and through his Parent,                      :    3:11 CV 291 (JBA)
JANE DOE                                                  :
                                                          :
v.                                                        :
                                                          :
EAST LYME BOARD OF EDUCATION                              :
                                                          :    DATE: SEPTEMBER 2, 2014
----------------------------------------------------------x

RULING ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

On February 24, 2011, plaintiffs filed this lawsuit pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–82 and CONN. GEN. STAT. § 10-76h, as to which defendant East Lyme Board of Education ["defendant"] filed its answer and affirmative defenses on April 25, 2011.  (Dkt. #22).[1]  On March 29, 2011, U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for all dispositive and non-dispositive motions.  (Dkt. #19; see also Dkts. ##3-4, 20-21, 59, 89, 145).

On January 17, 2012, plaintiffs filed their Motion for Summary Judgment (Dkts. ##38-46, 48) and defendant filed its Motion for Summary Judgment (Dkt. #47; see also Dkts. ##49-58, 60-66, 69-70).[2]  On August 14, 2012, this Magistrate Judge filed her forty-five page Recommended Ruling on Plaintiff[s'] Motion for Summary Judgment and on Defendant's Motion for Summary Judgment (Dkt. #71)["August 2012 Recommended Ruling"], 2012 WL 4344304  (D. Conn. Aug. 14, 2012), which granted each motion in part

---

[1]Plaintiffs initially commenced this action against defendant and the Connecticut State Department of Education; on March 17, 2011, plaintiffs filed a Notice of Voluntary Dismissal of the Department of Education.  (Dkts. ##1, 16).

[2]On April 12, 2012, this Magistrate Judge filed her Order on Defendant's Objection to Plaintiffs' Supplementation of the Record on Summary Judgment.  (Dkt. #60). 2012 WL 1252695 (D. Conn. April 12, 2012).

and denied each motion in part.  On September 4, 2012, both sides filed objections to the August 2012 Recommended Ruling (Dkts. ##75-78), and seventeen days later, Judge Arterton filed her Ruling on Parties' Objections to the Recommended Ruling (Dkt. #79), 2012 WL 4344301 (D. Conn. Sept. 21, 2012), which adopted the August 2012 Recommended Ruling as modified.  Thereafter, the parties briefed the issue of damages due to plaintiffs (Dkts. ##82-85, 88; see also Dkt. #89) and on November 27, 2012, this Magistrate Judge filed her Recommended Ruling on Stay-Put Reimbursement (Dkt. #92)["November 2012 Recommended Ruling"], in which this Magistrate Judge recommended that defendant East Lyme Board of Education reimburse plaintiff in the amount of $70,925.  On December 11, 2012, both sides filed objections to the November 2012 Recommended Ruling (Dkts. ##94-95), and on March 17, 2014, Judge Arterton filed her Ruling on the Parties' Objections to the Recommended Ruling (Dkt. #101), which overruled the parties' objections and modified the recommended reimbursement award to "reflect the additional time that has passed in this case, so that [p]laintiff[s] will be reimbursed for the violation of [plaintiff John Doe's] stay-put rights through the entry of final judgment in this action." (At  9).  Thus, defendant was ordered to reimburse plaintiffs in the amount of $97,445.  (Id.).  Judgment entered in that amount on March 17, 2014 (Dkt. #102), and on April 4, 2014, an amended judgment entered in the same amount.  (Dkt. #106).  Defendant filed its Notice of Appeal of this judgment to the Second Circuit on April 16, 2014 (Dkts. ##111, 115), and two weeks later, plaintiffs filed their Notice of Cross Appeal.  (Dkts. #118, 131).

     Plaintiffs were permitted until May 12, 2014 to file their Motion for Attorneys' Fees and Expenses and Bill of Costs.  (Dkts. ##103-04, 107-08, 113-14).  Prior to that date, on March 31, 2014, defendant filed its Motion to Stay Execution of Judgment Pending Appeal

(Dkt. #105; see also Dkts. ##109, 119, 139, 145). On May 5, 2014, plaintiffs filed their Motion for Stay Put Payments Pending Appeal (Dkts. ##120-22; see also Dkts. ##140, 144-45). On July 30, 2014, this Magistrate Judge filed her Recommended Ruling on Defendant Board's Motion to Stay Execution of Judgment and on Plaintiffs' Motion for Order Requiring Stay-Put Payments on Appeal (Dkt. #147)["July 2014 Recommended Ruling"], which recommended that defendant's motion be denied and plaintiffs' motion be granted. On August 27, 2014, defendant filed its objection to the July 2014 Recommended Ruling (Dkt. #157), the briefing for which has not been completed yet. (Dkts. ##148, 153, 155).

On May 12, 2014, plaintiffs filed their Motion for Attorneys' Fees and Costs (Dkts. ##125-36, 132-33, 137-38), in which they seek $132,921.32 for attorneys' fees and costs through April 30, 2014. On June 30, 2014, defendant filed its brief in opposition (Dkt. #146), and on August 4, 2014, plaintiffs filed their reply brief. (Dkts. ##149-52, 154, 156).

Approximately five months ago, U.S. District Judge Michael A. Telesca deferred ruling on a Motion for Attorneys' Fees in an ERISA case, where he had granted plaintiffs' Motion for Summary Judgment and had denied defendants' Motion for Summary Judgment, and defendants filed a Notice of Appeal with the Second Circuit. Gill v. Bausch & Lomb Supp. Retirement Income Plan I, No. 6:09 CV 6043 (MAT), 2014 WL 1404902, at *1, 3 (W.D.N.Y. Apr. 10, 2014). Judge Telesca observed that while the district court retained jurisdiction over plaintiffs' application for attorneys' fees despite defendants' appeal, "the Court is not required to resolve this motion before the appeal is completed. Where the losing party takes an appeal on the merits of [the] case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney[s'] fees." Id. at *1, citing 1993 Advisory Committee Notes to FED. R. CIV. P. 54(d)("[I]f an appeal on the merits of the case is taken, the [district]

3

court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) [of Rule 54] a new period for filing after the appeal has been resolved[.]")(some alterations in original).  In Gill, as here, "immediate resolution of the collateral issue of whether [p]laintiffs are entitled to attorneys['] fees is unlikely to assist the Court of Appeals." Id. (internal quotations & citations omitted).  As in Gill, "deferring a ruling on [p]laintiffs' motion for attorneys' fees until the Second Circuit resolves [d]efendants' appeal ensures that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails." Id.  And as in Gill, "[u]nder these circumstances, the Court finds that delaying resolution of [p]laintiffs' request for attorneys' fees until [d]efendants' appeal on the merits has been decided is the more prudent course of action." Id. (internal quotations & citations omitted).  This conclusion is even stronger here, where there is likely to be a myriad of issues before the Second Circuit beyond the merits of the case, as raised in the multiple rulings issued in this case, and where plaintiffs are likely to file a renewed motion regarding additional damages past March 17, 2014 if they prevail on any issue before the Second Circuit and are likely to seek additional attorneys' fees past April 30, 2014.  Thus, this case is not likely to be finished even after the Second Circuit rules upon the cross-appeals, and given the course of litigation to date, could well find its way back to the Second Circuit a second time.  See also Matsumura v. Benihana Nat'l Corp., No. 06 Civ 7609 (NRB), 2014 WL 1553638, at *6 (S.D.N.Y. Apr. 17, 2014)(denying defendant's Motion for Attorneys' Fees without prejudice and deferring consideration thereof until after the Second Circuit has addressed the merits of plaintiffs' pending appeal), citing Tancredi v. Metro. Life Ins. Co., 378 F.2d 220, 225-26 (2d Cir. 2004).

    Therefore, as in Gill and in Matsumura, plaintiffs' Motion for Attorneys' Fees and Costs

(Dkt. #125) is <u>denied without prejudice to renew such motion</u> no later than fourteen (14) days after the date a ruling on the merits of the cross-appeals by the Second Circuit is entered on the docket of this district court. <u>Gill</u>, 2014 WL 1404902, at *3; <u>Matsumura</u>, 2014 WL 1553638, at *6.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 2nd day of September, 2014.

      /s/ Joan G. Margolis, USMJ
     Joan Glazer Margolis
     United States Magistrate Judge