UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, by and through his parent, JANE DOE<br>*Plaintiffs,*<br>v.<br>EAST LYME BOARD OF EDUCATION<br>*Defendant.* | Civil No. 3:11cv291 (JBA)<br><br>January 17, 2019 |

## RULING ON PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND TO AMEND THE COMPLAINT

Plaintiffs are represented in this action by Attorney Eileen Hagerty and associates at Kotkin, Crabtree & Strong, LLP. Nonetheless, Ms. Doe filed a Motion to Amend the Complaint [Doc. # 239] pro se, which the Court denied without prejudice because the "law does not entitle a party to represent himself or herself while also appearing through an attorney." (Order Denying Pls.' Mot. to Amend [Doc. # 240].) Ms. Doe subsequently filed a Motion for Reconsideration[1] of that ruling [Doc. # 241] and asked the Court to grant the underlying motion to amend. That motion for reconsideration was similarly filed pro se, despite Plaintiffs' continued representation by Attorney Hagerty.

### I. Motion for Reconsideration

Ms. Doe requests permission to represent herself for purposes of filing a motion to amend the complaint while generally maintaining Attorney Hagerty's representation because Ms. Doe "irrefutably need[s] her to file the attorney fee petition" and "cannot retain other coun[sel] this late in the proceedings." (Mot. for Reconsid. at 2.) Ms. Doe argues that to prevent her from filing the

---

[1] As judgment has entered in this case, (Judgment [Doc. # 248]), the Court will treat Ms. Doe's motion as one for relief from judgment under Fed. R. Civ. P. 60.

motion to amend pro se, when combined with her need for Attorney Hagerty's services for other purposes and Ms. Hagerty's "steadfast[] resolute[ion] that she will not represent [Ms. Doe] in this claim," will effectively deprive Ms. Doe of the opportunity to pursue the claim she seeks to add to the complaint—a claim for tuition reimbursement for John Doe's "stay put placement" at Solomon Schechter Academy. (*Id.* at 1-2.)

Permitting such hybrid representation—in which a party is "represented by counsel from time to time, but may slip into pro se mode for selected presentations"—is within the Court's discretion. *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016) ("We do not suggest that district courts lack discretion to hear from a represented defendant personally, nor do we criticize the district court for allowing Rivernider to make his pro se submission."). Therefore, and in the interest of deciding Ms. Doe's motion to amend on the merits, the Court hereby GRANTS Plaintiffs' Motion for Reconsideration [Doc. # 241] and will address Ms. Doe's Motion to Amend the Complaint.

## II. Motion to Amend the Complaint

Leave to amend pleadings should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts may not decline leave to amend "[i]n the absence of any apparent or declared reason" for such denial. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, where the requested amendment would be futile, leave to amend may be denied. *See Foman*, 371 U.S. at 182 (listing "futility of amendment" among possible justifying reasons for denial of leave to amend); *National Credit Union Admin. Board v. US Bank, N.A.*, 898 F.3d 243, 256 (2d Cir. 2018) (listing "futility" among reasons to deny a Rule 15 motion).

Ms. Doe moves for leave to amend the Complaint [Doc. # 1] to "seek tuition reimbursement, interim funding and school transportation expenses under" the stay-put

2

pendency provision. (Mot. to Amend at 1.) She argues that Solomon Schechter Academy was the proper stay-put placement, and that therefore Plaintiffs were entitled to tuition and travel reimbursement for John Doe's attendance at that school during the pendency of these proceedings. (*Id.* at 4.) However, because this argument is contrary to the 2008-2009 IEP (the stay-put placement) and the Second Circuit's opinion in this case, Ms. Doe's requested amendment to the complaint would be futile.

The 2008-2009 IEP, as amended in February 2009, is John Doe's stay-put placement. *Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) ("As the district court determined, the Student's stay-put placement was the placement described in the 2008–2009 IEP (as amended in February 2009) . . ."). Therefore, under 20 U.S.C. 1415(j), Defendant's stay-put obligation was to "continue funding whatever placement was . . . agreed upon" for John Doe in that IEP during the pendency of this proceeding. *Id.* (internal quotation omitted).

The 2008-2009 IEP, as amended in February 2009, indicated that John Doe would attend Solomon Schechter Academy "at parental expense" and would "receive related services at the expense of the Board." *Id.* at 454. Therefore, that arrangement was John Doe's stay-put placement which the Board was obligated to maintain during these proceedings. Because the operative IEP did not require Defendant to pay John Doe's tuition at Solomon Schechter, Plaintiffs were not entitled to reimbursement for that tuition under the stay-put provision.

Though it did not directly address a request for tuition reimbursement via the stay-put provision, the Second Circuit's opinion in this case also indicates that Plaintiffs were not entitled to tuition reimbursement under the stay-put provision. Without mentioning that she also paid John's tuition throughout the litigation, the Court of Appeals explained Defendant's violation of the stay-put provision by citing that "[w]hile paying *for the related services* herself, the Parent

3

maintained that continuous placement during the pendency of this litigation." *Id.* (emphasis added). In ordering that Plaintiffs were entitled to the "full value of the stay-put services" which should have been provided, the Second Circuit again indicated that no tuition reimbursement was available under the stay-put provision. *Id.* at 457 (holding that, in order to meet the Board's obligations under the stay-put provision, "the Board owes reimbursement in the amount the Parent expended *for the services the Board was required to provide*, plus compensatory education to fill the gap of required services that the Parent did not fund," without mentioning any entitlement to tuition reimbursement as part of the "full value of the stay-put services" to which Plaintiffs are entitled) (emphasis added). The Second Circuit then directed this Court to fashion relief for the Defendant's violation of the stay-put provision based upon "the total value *of the related services* specified in the amended 2008-2009 IEP," again without any mention of reimbursement for the tuition paid by Ms. Doe. *Id.* (emphasis added). Finally, the Second Circuit's opinion indicated that the stay-put provision requires Defendant to "*continue* funding" the agreed-upon services, not to force Defendant to *begin* paying for services which were funded by the parent under the operative IEP. *Id.* at 452.

Because under the terms of the operative 2008-2009 IEP, as amended in February 2009, and the opinion of the Second Circuit Ms. Doe is not entitled to reimbursement for John's tuition at Solomon Schechter under the stay-put provision, her requested amendment of the complaint to seek such reimbursement would be futile. On reconsideration, Ms. Doe's pro se Motion to Amend the Complaint is therefore denied.

4

III. **Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Reconsideration [Doc. # 241] is GRANTED. On reconsideration, Plaintiffs' Motion to Amend the Complaint [Doc. # 239] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of January 2019.