UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, by and through his parent, JANE DOE<br>*Plaintiffs*,<br>v.<br>EAST LYME BOARD OF EDUCATION<br>*Defendant*. | Civil No. 3:11cv291 (JBA)<br><br>January 17, 2019 |

**ORDER ON REMEDIES**

Following a bench trial before this Court, Defendant was ordered "to reimburse plaintiffs in the amount of $36,555.94 plus interest (the amount of which remains to be calculated) and to place $203,478.10 for compensatory education into an escrow account, as soon as practicable, after all calculations have been finalized, with the costs associated with the escrow account and agent's services divided equally between defendant and plaintiffs." (Judgment [Doc. # 248].) The Court now addresses the additional calculations and interest determinations necessary to implement the judgment.

I. **Background**

Following the Court's Memorandum of Decision on Reimbursement of Plaintiffs' Out-of-Pocket Expenses and Compensatory Education [Doc. # 245], several issues remained to be addressed to implement the judgment for the Plaintiffs. First, the value of the reimbursement and compensatory awards was calculated "based upon reimbursement expenses only through January 11, 2017," but could be adjusted based upon submission of "appropriate additional documentation of reimbursable expenses incurred between then and the date of Judgment." (*Id.* at 1, n.1.) Upon submission of such documentation, "the amount of compensatory education will be reduced accordingly and the reimbursement calculation concurrently increased." (*Id.*) Second, following

the parties' submission of "their [proposed] interest calculations and methodology," the interest owed to Plaintiffs on the reimbursement award must be determined. (*Id.* at 43, n.51.)

## II. Discussion

### A. Physical Therapy Payments

Ms. Doe took John to Lawrence Memorial Hospital for 12.2 hours of physical therapy in 2013 and 2014. (Mem. of Decision at 9.) The Court declined to "award Plaintiffs reimbursement of [those] physical therapy costs because the parties appear to have overlooked the Court's prior determination that those hours were paid by insurance," weighing an affidavit from Ms. Doe which stated that the costs of physical therapy she provided to John were covered by insurance more heavily than Ms. Doe's trial testimony that the 12.2 hours of physical therapy were not paid for by insurance because the affidavit "occurred far closer in time to when the physical therapy services were provided." (*Id* at 9 n.9.)

Plaintiffs contend that "the Court misapprehended the applicability of insurance to Ms. Doe's 2013 and 2014 expenses for physical therapy for John, and that the sum of $2,340 was mistakenly excluded from the reimbursement order." (Pls.' Mem. Re: Expenses Incurred After Jan. 11, 2017 [Doc. # 249] at 2.) They ask that the Court "restor[e] that amount to the reimbursement total" before adjusting the reimbursement and compensatory awards to account for Ms. Doe's post-January 11, 2017 spending and calculating interest on the reimbursement award. (*Id.*)

In support of this argument, Ms. Doe explains that the cost of John's physical therapy from January to May 2012 was covered by insurance, but the $2,440 cost of John's physical therapy from October 2013 to June 2014 was not covered by insurance. (Sixth Aff. of Jane Doe [Doc. # 250] ¶ 15.) She further explains that "[s]ubsequent to the conclusion of trial in this case," Ms. Doe "located a letter" from the hospital "enclosing a refund in the amount of $136 for overpayment for physical

2

therapy services" rendered in October 2013. (*Id.*) Therefore, Ms. Doe seeks an additional reimbursement of $2,304 for the physical therapy she provided to John from October 2013 to June 2014. In support of this request, Ms. Doe attached "billing statements" from the hospital which she "recently requested" in "order to verify the accuracy of [her] claimed reimbursement." (*Id; see* Ex. G (Billing Statements) to Sixth Aff. of Jane Doe [Doc. # 250-7].) Defendant has not opposed Ms. Doe's request.

Because Plaintiffs seek a modification of the finding in the Memorandum of Decision that the 12.2 hours of physical therapy were not reimbursable expenses, the Court will treat Ms. Doe's request as a motion for relief from judgment under Fed. R. Civ. P. 60(b), which provides for such relief for reasons which include, *inter alia*, "(1) mistake, inadvertence, surprise, or excusable neglect; [and] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." However, no Rule 60(b) motion shall be granted unless "the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). Importantly, Rule 60(b) motions which "seek[] only to relitigate issues already decided" shall not be granted. *Whitaker v. New York University*, 543 Fed. App'x 113, 114 (2d Cir. 2013).

In the absence of any explanation as to why Plaintiffs did not provide the "recently requested" billing statements prior to entry of judgment and given that Ms. Doe's request seeks only to relitigate the question of whether the 12.2 hours of physical therapy at issue were paid by insurance—a question which was already litigated and decided by this Court in its Memorandum of Decision—the Court declines to alter its finding after judgment has entered.

**B. Additional Expenses**

3

In the Memorandum of Decision and the Judgment, the Court invited Plaintiffs to provide documentation of additional reimbursable expenses incurred between January 11, 2017 and July 19, 2017, the date judgment entered. These additional expenses will be added to the value of the reimbursement award and subtracted from the value of the compensatory education award.

Ms. Doe submitted documentation of an additional $11,412.08 of reimbursable expenses for "Covered Services" incurred between January 11 and July 19, 2017. (*See* Pls.' Mem. Re: Expenses Incurred at 2.) Reimbursable "[c]overed services, i.e. the services listed in the 2008-2009 amended IEP, consist of three hours per week of speech-language therapy ("S/L"), five hours per week of Orton-Gillingham reading instruction ("O/G"), and an hour and a half per week of occupational/physical therapy ("OT/PT"). Based on the Second Circuit's opinion, extended school year (summer) services are not included." (Mem. of Decision at 8 n.7 (internal citations omitted).) Therefore, Ms. Doe submitted documentation of expenses incurred for provision of those "covered services" only through June 16, 2017, the last day of the 2016-17 school year in the East Lyme Public Schools. (Sixth Aff. at 1-2.) Ms. Doe provided invoices, copies of checks, and a detailed description of the hours and money spent for each covered service during the applicable period. Defendant has not objected to or disputed Ms. Doe's additional reimbursement calculations.

To reflect Ms. Doe's additional reimbursable expenses incurred between January 11, 2017 and the date of judgment, Defendant is hereby ordered to reimburse Plaintiffs in the amount of $47,968.02, plus interest, and to place $192,066.02 for compensatory education into an escrow account within thirty (30) days of the date of this order.[1]

---

[1] Plaintiffs proposed Attorney Deborah Tedford, who practices in Mystic, Connecticut, as the escrow agent at the time of the entry of judgment in 2017 and represented that she had preliminarily agreed to serve in that capacity. Defendant did not object or make any alternative suggestion. The Court indicated that it would appoint Attorney Tedford as escrow agent

4

### C. Interest Calculations

The Judgment awarded interest on the reimbursement award owed to plaintiffs in an amount "which remains to be calculated," and the Memorandum of Decision directed the parties "to submit their interest calculations and methodology for the Court's consideration," (Mem. of Decision at 43 n.51.).

Plaintiffs proposed an interest calculation methodology which would result in $1,125.25 of interest owed to Plaintiffs, based on the updated reimbursement award of $47,968.02. Plaintiffs' proposed methodology generally requires:

> (1) using the average interest rate for each school year at issue, generally running from September 1 up to and through June 30, to determine the accumulated interest amounts owed on Ms. Doe's expenditures for Covered Services; and (2) using the average interest rate for each calendar year at issue, generally running from January 1 to December 31 (but excluding the summer months, from July 1 up to and through August 31), to determine the total accumulated interest amounts on the Does' transportation expenses. The Does propose applying each average interest rate from a single date in the middle of the applicable school or calendar year, with the resulting amount accruing until the date of the judgment in this matter (July 19, 2017).

(Pls.' Memo. Re: Proposed Interest Calculations and Methodology [Doc. # 254] at 1-2.) The Does' proposed methodology then "[a]dd[s] the accumulated interest amounts on Ms. Doe's expenditures on Covered Services (for each school year) and Ms. Doe's expenditures on

---

"assuming she remains willing to assume the role," and asked the parties to submit recommendations for an alternative escrow agent within fourteen days, should Attorney Tedford no longer be willing to serve in that capacity. (Mem. of Decision at 41 n.50.) Since no alternative escrow agents were proposed by the parties during that time, the Court presumes Attorney Tedford's continued availability and willingness to serve as escrow agent. Attorney Tedford shall be so appointed as escrow agent for the $192,066.02 compensatory education escrow account.

5

transportation (for each calendar year) [to] yield[] a total accumulated interest amount on the Does' reimbursement expenses." (*Id.*)

Defendant proposed an alternate methodology to calculate interest which would result in $4,099.06 of interest owed to Plaintiffs on the $97,445 reimbursement already paid and on an additional reimbursement award of $51,260.46.[2] Defendant's proposed method uses the "Future Value (FV) formula in MS Excel" to calculate interest owed on each reimbursable expense, based upon the "number of years from the payment date to the interest calculation date" (treating June 11, 2015 as the interest calculation date for the $97,445 in reimbursement paid to Plaintiffs on that date and August 11, 2017, the date the Court ordered the parties to submit their interest calculations, as the interest calculation date for the remaining reimbursement award), an interest rate of 1.22% ("the weekly 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the week of 06/23/2017, the calendar week preceding the date of the judgment"), and the amount of each reimbursable payment. (Ex. A (Aff. of Maryanna Stevens) to Def.'s Proposed Interest Calculations and Methodology [Doc. # 255-1] at 2-3.)

Neither party has identified any procedurally-apposite authority providing guidance on the proper method for calculating the interest owed to Plaintiffs on the reimbursement awards, instead focusing their submissions to the Court on explaining their proposed methodologies and the logic behind the choice of certain dates or interest rates. Notwishstanding the absence of any such binding or persuasive authority presented by either party, the Court finds Defendant's proposal to

---

[2] Since, as set out above, the actual value of the reimbursement award now owed to Plaintiffs is $47,968.02, Defendant shall recalculate its interest owed to Plaintiff to reflect the updated value of that award before making payment to Plaintiff.

be more persuasive in light of its comparative straightforwardness and efficiency. Defendant shall pay interest to Plaintiff on the reimbursement awards calculated using its proposed methodology and reduced slightly to reflect the final value of the reimbursement award owed to Plaintiffs set forth herein.

### III. Conclusion

For the foregoing reasons, Plaintiff's request to award reimbursement for the 12.2 hours of physical therapy is DENIED. In accordance with the Memorandum of Decision and Plaintiffs' documentation of additional reimbursable expenses incurred between January 11, 2017 and the date of judgment, the awards set out in the Judgment are updated to the following: $47,968.02, plus interest, for reimbursement, and $192,066.02 for compensatory education. Interest on the reimbursements shall be calculated using Defendant's proposed methodology.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of January 2019.