UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, by and through his Parent, JANE DOE, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:11-cv-00291-JBA |
| v. | ) ) | |
| EAST LYME BOARD OF EDUCATION, | ) ) | |
| Defendant. | ) ) | APRIL 8, 2019 |

**PLAINTIFFS' MEMORANDUM REGARDING THEIR
UPDATED ATTORNEYS' FEES AND COSTS AWARD CALCULATION**

**INTRODUCTION**

Pursuant to this Court's Ruling on Plaintiffs' Second Motion for Attorneys' Fees ("the Ruling") (Dkt. #291), plaintiffs, John Doe ("John") and Jane Doe ("Ms. Doe") (collectively "the Does"), submit this memorandum to provide their updated attorneys' fees and costs award calculation. In their Second Motion for Attorneys' Fees and Costs (Dkt. #263), the Does sought an award of at least $489,528.83 in attorneys' fees and costs through October 31, 2017. The Does have modified that amount, as instructed by the Court, to reflect the following changes required by the Ruling:

(1) A 20% reduction in time spent preparing attorneys' fees motions;
(2) A 25% reduction in time spent by law students;
(3) Elimination of hours spent on *pro hac vice* motions or traveling to and from the district;
(4) Removal of 4.5 hours inadvertently billed for unsuccessful appellate issues; and
(5) A 20% reduction in time spent by partners at Kotin, Crabtree & Strong, LLP ("KC&S"), excluding Attorney Eileen Hagerty.

Ruling (Dkt. #291), pp. 15, 17, 19, 21-22, 24, 31 n. 4.  The Court also awarded reimbursement of the Does' counsel's fees at the prevailing partner rate of $375 per hour for all proceedings, as opposed to the historic rate of $350 per hour for district court proceedings.  Ruling (Dkt. #291), p. 28.  Therefore, the Does have also modified the value of their total award to include use of the prevailing rate for recoverable time spent by KC&S partners.  As explained in further detail below, the new total is $481,013.83, representing $479,596.37 in fees and $1,417.46 in costs through October 31, 2017.[1]

## DISCUSSION

**I.      REDUCTION IN HOURS SPENT PREPARING ATTORNEYS' FEES MOTIONS**

The Does sought an award of attorneys' fees for time spent preparing their two motions for attorneys' fees and costs (Dkt. #125 and #263).  All entries for recoverable services performed in connection with those fee petitions are detailed in Exhibit C-6 to the Affidavit of Eileen M. Hagerty ("Hagerty Aff.") (Dkt. # 127) and Exhibit I-3 to the Third Affidavit of Eileen M. Hagerty ("Hagerty Third Aff.") (Dkt. #265).

This Court ordered the Does "to re-calculate their reimbursement after reducing by 20% the number of hours spent preparing the fee motions for which they seek reimbursement."  Ruling (Dkt. #291), p. 17.  At the outset, the Does note that this Court also ordered them to re-calculate reimbursement "after reducing by 25% the number of hours of law student work for which they seek reimbursement," *id.* at 15, and "after reducing by 20% the number of other partners' hours [*i.e.*, hours spent by partners other than Ms. Hagerty] for which they seek reimbursement."  *Id.* at 19.  Taking these directives together, the Does: (1) reduced

---

[1] The Does intend to supplement their second motion for attorneys' fees and costs to seek recovery for fees and costs incurred after October 31, 2017.  The Does also reserve the right to file a further application for attorneys' fees and costs in the event that Ms. Doe succeeds on her pending *pro se* appeal and thereafter, with the assistance of an attorney, succeeds in obtaining additional relief.

reimbursement for law student time spent on the fee petition by 25%; and (2) reduced reimbursement for all other timekeeper time spent on the fee petition by 20%.

Relative to the law students,[2] the Does initially sought reimbursement of a total of 95.1 hours and $9,510.00 for their time on the fee petition. Applying the 25% reduction for law students' time, the Does have deducted 23.775 hours and $2,377.50 from their total amount sought.

Relative to KC&S partners (including Attorney Hagerty),[3] the Does initially sought reimbursement of a total of 81.7 hours and $28,595.00 for their time on the fee petition. Applying the 20% time reduction for the partners (including Attorney Hagerty), the Does have deducted 16.3 hours and $5,705.00 from their total amount sought. Recognizing that they are entitled to reimbursement of partners' time at the prevailing rate of $375 per hour, however, the Does have added to the total award an additional $1,635.00, representing the $25 per hour increase for the recoverable 65.4 hours of time for the fee petition. Thus, the total net deduction for partners' time equals $4,070.00, which the Does have accordingly deducted.

Relative to the remaining timekeeper, an associate,[4] the Does initially sought a total of 17.5 hours or $4,375.00 for her time on the fee petition. Applying the 20% reduction, the Does have deducted an additional 3.5 hours and $875.00 from their total amount sought.

In consideration of the above, the Does have deducted a net total of **$7,322.50** for time spent preparing their fee petitions, which reflects a 25% reduction of law students' time, a 20%

---

[2] In Ex. C-6, the law students are identified by the following initials: CLO; ESR; DS; and LIH. In Ex. I-3, the law students are identified by the following timekeeper numbers: 66; 67; 73; and 74.

[3] In Ex. C-6, the partners are identified by the following initials: EMH and MFM. In Ex. I-3, the partners are identified by the following timekeeper numbers: 9, 12, and 15.

[4] In Ex. I-3, the associate is identified by the timekeeper number 54.

3

reduction of all other timekeepers' time, and a $25 per hour rate increase for allowable partners' time.

## II.     REDUCTION IN HOURS BILLED BY LAW STUDENTS

As referenced above, the Court ordered the Does to re-calculate reimbursement "after reducing by 25% the number of hours of law student work for which they seek reimbursement." Ruling (Dkt. #291), p. 15.  Exclusive of the hours billed by law students for the fee petition, which have already been adjusted as described in Discussion, Section I above, all entries for recoverable services performed by law students are detailed in Exhibits C-1 and C-5, Hagerty Aff. (Dkt. #127), as well as Exhibits F-1, F-4, F-6, F-7, and I-1, Hagerty Third Aff. (Dkt. #265).[5]

Relative to law students,[6] the Does initially sought reimbursement for a total of 214.6 hours and $21,460.00.  Applying the 25% time reduction for law students, the Does have deducted 53.65 hours and **$5,365.00** from their total amount sought.

## III.    NO FEES AWARDED FOR HOURS SPENT ON *PRO HAC VICE* MOTIONS OR TRAVELING TO AND FROM THE DISTRICT

The Court declined to award attorneys' fees "for time spent on *pro hac vice* motions for Plaintiffs' out-of-state counsel" Ruling (Dkt. #291), pp. 21-22, and "for time spent traveling to and from the district by Plaintiffs' out-of-state counsel." *Id.* at 23.  In its Memorandum in Opposition to the Does' Second Motion for Attorney's Fees and Costs (Dkt. #272) ("Def. Opp."), the defendant, East Lyme Board of Education ("the Board"), identified 6.8 hours or

---

[5] The Does only sought 50% reimbursement for time billed in connection with a common core of facts and/or law.  Hagerty Aff. (Dkt. #127), ¶¶ 21, 23(a); Hagerty Third Aff. (Dkt. #256), ¶¶ 18-19.  They have re-calculated the law students' applicable time in this category accordingly.

[6] The law students are identified by the following initials or timekeeper numbers: CLO and NTS (Ex. C-1); CLO and LEL (Ex. C-5); 74-76 (Ex. F-1); 74 (Ex. F-4); 72-77 (Ex. F-6); 76 (Ex. F-7); and 64-65, 67, 72-74, 77, and 79 (Ex. I-1).

$1,437.50 of unrecoverable time spent on *pro hac vice* motions[7] and 36 hours or $5,495.00 of unrecoverable time spent on traveling to and from the district.[8] Def. Opp. (Dkt. #272), p. 34, nn. 47-48 and p. 35, n. 51.  Thus, the Does have deducted **$6,932.50** from their total.

### IV.   REMOVAL OF 4.5 HOURS BILLED FOR UNSUCCESSFUL APPELLATE ISSUES

This Court also ordered that the Does remove 4.5 hours spent on unsuccessful appellate issues, Ruling (Dkt. #291), pp. 23-24, which the Does had inadvertently included in their fee petition.  In its Memorandum in Opposition to the Does' Second Motion for Attorney's Fees and Costs (Dkt. #272), the Board identified the unrecoverable hours.  Def. Opp. (Dkt. #272), p. 36, n. 54.  Of those 4.5 hours, as detailed in Exhibit I-1, Hagerty Third Aff. (Dkt. #265), 3.6 hours or $1,260.00 were attributed to Attorney Hagerty (identified by the timekeeper number 15), 0.5 hours or $175.00 were attributed to Attorney Mercier (identified by the timekeeper number 9), and 0.4 hours or $100.00 were attributed to Attorney Warren (identified by the timekeeper number 54).  Thus, the Does have deducted **$1,535.00** from their total.

### V.   A 20% REDUCTION IN HOURS BILLED BY PARTNERS AT KC&S (EXCLUDING ATTORNEY HAGERTY)

The Court also directed the Does "to re-calculate their reimbursement request after reducing by 20% the number of other partners' hours [excluding Attorney Hagerty] for which

---

[7] This time appears in Ex. C-5, Hagerty Aff. (Dkt. #127) (3.5 hours or $612.50 attributable to Attorney Hagerty (identified by the initials EMH)) and Ex. I-1, Hagerty Third Aff. (Dkt. #265) (3.3 hours or $825.00 attributed to Attorney Warren (identified by the timekeeper number 54)).  With respect to Ex. C-5, the Does again note that they only sought 50% reimbursement for the time detailed in that category.  *See* n. 5 above.

[8] This time appears in Ex. I-1, Hagerty Third Aff. (Dkt. #265), with 19.9 hours or $3,482.50 attributed to Attorney Hagerty (identified by the timekeeper number 15) and 16.1 hours or $2,012.50 attributed to Attorney Warren (identified by the timekeeper number 54).  The Does note that they only sought to recover for travel time at half of Attorneys Hagerty's and Warren's usual rates.  *See* Hagerty Third Aff. (Dkt. #265) at ¶ 24(b), n. 6.  They have re-calculated the applicable time accordingly.

they seek reimbursement." Ruling (Dkt. #291), p. 19.  Because the Does are also entitled to recovery of partners' time at the prevailing rate of $375, the Does re-calculated time in this category in two segments, the district court litigation and the appellate litigation.[9]

All entries for recoverable services performed by partners other than Ms. Hagerty in connection with the district court litigation, exclusive of time spent on the fee petition, are detailed in Exhibits C-1 and C-5, Hagerty Aff. (Dkt. #127), as well as Exhibit I-1, Hagerty Third Aff. (Dkt. #265).[10]  With respect to the district court litigation, the Does initially sought reimbursement of a total of 61 hours or $21,1335.00 for activities performed by partners other than Ms. Hagerty.[11,][12]  Applying the 20% reduction for other partners' time, the Does have deducted 12.2 hours or $4,267.00 from their total amount sought.  The Does then added the amount of $1,232.00, representing the $25 per hour (or, in one limited circumstance, $50 per hour) increase for the recoverable 48.8 hours of time spent by other partners in district court proceedings.[13]

---

[9] The Does have not adjusted the rate for partner time spent on the appellate proceedings, since the prevailing and historic rates were both $375 per hour for that phase of litigation.

[10] The other partners are identified by the following initials or timekeeper numbers: LK and MFM (Ex. C-1); LK (Ex. C-5); and 5, 9, and 17 (Ex. I-1).  With respect to Ex. C-5, the Does again note that they only sought 50% reimbursement for the time detailed in that category.  *See* n. 5 above.

[11] Of these 61 hours, 0.6 were billed by timekeeper number 17 at a rate of $325 per hour.  *See* Ex. I-1, Hagerty Third Aff. (Dkt. #265).  All other time was billed at a rate of $350 per hour.

[12] For purposes of this discussion, the Does have excluded the 0.5 hours billed by Attorney Mercier for unsuccessful appellate issues.  *See* Discussion, Section IV, above.

[13] *See* n. 11 above.  Since timekeeper number 17 billed at a rate of $325 per hour, the Does adjusted her rate by $50 per hour, up to $375.

6

All entries for recoverable services performed by other partners in connection with the appellate litigation are detailed in Exhibits F-1 and F-6,[14] Hagerty Third Aff. (Dkt. #265).[15] With respect to the appellate litigation, the Does initially sought reimbursement of a total of 21.65 hours or $8,118.75 for activities performed by other partners. Applying the 20% reduction for other partners' time, the Does have deducted 4.33 hours or $1,623.75 from their total.

In consideration of the above, the Does have deducted a net total of $**4,658.75** for time spent by other partners, exclusive of the fee petition, reflecting a 20% reduction of all such time and an increase of $25 per hour (or, in one limited circumstance, $50 per hour) for time spent by other partners at the district court level.

## VI.   AN INCREASE OF $25 PER HOUR IN ATTORNEY HAGERTY'S RATE FOR DISTRICT COURT PROCEEDINGS

Lastly, the Does have re-calculated their total to include an increase of $25 per hour in Attorney Hagerty's rate for all recoverable time spent in district court proceedings, exclusive of the fee petition, as authorized by the Court. Ruling (Dkt. #291), pp. 28-29. All entries for recoverable services performed by Attorney Hagerty are detailed in Exhibits C-1, C-2, and C-5,[16] Hagerty Aff. (Dkt. #127), as well as Exhibit I-1, Hagerty Third Aff. (Dkt. #265).[17] With respect

---

[14] With respect to Ex. F-6, the Does again note that they only sought 50% reimbursement for the time detailed in that category. *See* n. 5 above.

[15] The other partners are identified by the following initials or timekeeper numbers: 9 (F-1); and 3, 7-9, and 12 (F-6).

[16] With respect to Ex. C-5, the Does again note that they only sought 50% reimbursement for the time detailed in that category. *See* n. 5 above.

[17] Attorney Hagerty is identified by the following initials or timekeeper numbers: EMH (C-1, C-2, and C-5); and 15 (I-1). For purposes of this discussion, the Does have excluded the 3.5 hours billed by Attorney Hagerty for her work on *pro hac* vice motions, the 3.6 hours billed by Attorney Hagerty for unsuccessful appellate issues, and the 19.9 hours billed by Attorney Hagerty for travel. *See* Discussion, Sections III and IV, above. The Does again note that they only sought to recover for travel time at half of Attorney Hagerty's usual rate. *See* n. 8 above.

to Attorney Hagerty's time, the Does initially sought reimbursement of a total of 691.95 hours or $242,042.50 for activities performed in district court proceedings. Adjusting Attorney Hagerty's rate by $25 per hour to the $375 prevailing rate, the Does have increased the total award by **$17,298.75**.

## CONCLUSION

In consideration of the Court-mandated deductions and increases, the Does have modified the value of their total amount sought, originally at least $489,528.83 through October 31, 2017, to arrive at a new total of **$481,013.83** through that date.

The breakdown is as follows:

| **Deductions & Additions** | **Amount** |
|---|---|
| Fee Petition Time | ($7,322.50) |
| Law Students' Time | ($5,365.00) |
| *Pro Hac Vice* & Travel Time | ($6,932.50) |
| Unsuccessful Appellate Issues | ($1,535.00) |
| Other Partners' Time | ($4,658.75) |
| Attorney Hagerty's Rate Increase | $17,298.75 |
| | Total Net Reduction: **($8,515.00)** |
| | New Modified Award Amount: $489,528.83 - $8,515.00 = **$481,013.83** |

The Does therefore request that the Court enter an order requiring the Board to reimburse them in the amount of **$481,013.83** for fees and costs reasonably incurred in this matter both in this Court and in the Second Circuit through October 31, 2017.

        Respectfully submitted,

        JOHN DOE and JANE DOE
        By their attorneys,

        /s/ *Clifford J. Grandjean*
        Clifford J. Grandjean (ct06362)
        KENNEDY, JOHNSON, SCHWAB & ROBERGE, LLC
        555 Long Wharf Drive, 13th Floor
        New Haven, CT 06511
        Tel.: (203) 865-8430
        Fax: (203) 865-5345
        Email: cgrandjean@kennedyjohnson.com


        /s/ *Alicia M. Parmentier*
        Eileen M. Hagerty (phv04555)
        Alicia M. Parmentier Warren (phv08003)
        KOTIN, CRABTREE & STRONG, LLP
        One Bowdoin Square
        Boston, MA 02114
        Tel.: (617) 227-7031
        Fax: (617) 367-2988
        Email: ehagerty@kcslegal.com
        Email:  awarren@kcslegal.com

Dated:  April 8, 2019


## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 8, 2019, a copy of the foregoing Plaintiffs' Memorandum Regarding Their Updated Attorneys' Fees and Costs Award Calculation was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


        /s/ *Alicia M. Parmentier Warren*
        Alicia M. Parmentier Warren
        Fed. Bar No. phv08003