UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOHN DOE, by and through his parent, JANE DOE,<br>*Plaintiffs*,<br>v.<br>EAST LYME BOARD OF EDUCATION, et al.,<br>*Defendants*. | Civil No. 3:11cv291(JBA)<br><br>March 17, 2020 |

**RULING ON PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES**

Plaintiffs move for an award of "at least" $66,887.50 for attorneys' fees and costs incurred from November 1, 2017, through June 30, 2019. (Pls.' Suppl. Mot. For Attorneys' Fees [Doc. # 293].) Defendant opposes the amount requested, arguing that Plaintiffs are entitled only to a reduced award. (Def.'s Opp. [Doc. # 299].) Defendant East Lyme Board of Education opposes the amount requested, arguing Plaintiffs are entitled only to a reduced award. (Def.s Opp. [Doc. # 299].) For the reasons that follow, Plaintiffs' motion is granted with modification.

**I. Background**

The Court assumes the parties' familiarity with the underlying facts and history of this case. On March 27, 2019, the Court granted with modification Plaintiffs' Second Motion for Attorneys' Fees, which covered the fees incurred in this matter through October 30, 2017. (Ruling on Second Mot. for Attorneys' Fees [Doc. # 291].) In that Second Motion, Plaintiffs requested an award of $489,528.83, which the Court ordered reduced in several categories. (*Id.*) Plaintiffs' Supplemental Motion for Attorneys' Fees covers the period from November 1, 2017 through June 30, 2019. (Pls.' Mem. Supp. Supplemental Mot. [Doc. # 294] at 3.)

**II. Discussion**

**A. Updated Fee Calculation**

In the Ruling on the Second Motion for Attorneys' Fees, the Court ordered Plaintiffs' requested award reduced in certain categories, including a 20% reduction of time spent preparing attorneys' fees motions, a 25% reduction in time spent by law students, elimination of time spent on *pro hac vice* motions and travel to and from the District of Connecticut, removal of 4.5 hours billed for unsuccessful appellate issues, and a 20% reduction in time spent by partners at Kotin, Crabtree & Strong, LLP ("KC&S"), except Attorney Eileen Hagerty. (Ruling on Second Mot. at 31.) The Court also ordered reimbursement of KC&S partners at the prevailing rate of $375, instead of the rate of $350 at which they had billed Plaintiffs. (*Id.*) The Court directed Plaintiffs to submit an updated award calculation to reflect the ordered modifications. (*Id.*)

Plaintiffs submitted their updated calculation of fees and costs for the period through October 31, 2017, which requests reimbursement in the amount of $481,013.83, consistent with the Court's modifications. (Pls.' Updated Calculation [Doc. # 292].) Defendant filed no opposition to that updated calculation, and it is hereby ordered.

### B. Supplemental Motion for Attorneys' Fees

Plaintiffs seek a supplemental award of attorneys' fees and costs for the period from November 1, 2017 through June 30, 2019, during which time Plaintiffs' counsel billed primarily for "time spent in connection with the [Second Motion for Attorneys' Fees]" and the Supplemental Motion itself, "with a substantially smaller portion of time spent on other recoverable post-judgment matters . . . such as activities relating to the Does' award of prejudgment interest and the arrangement of an escrow fund as ordered by the Court." (Pls.' Mem. at 3.) Plaintiffs state that they have "made a good faith effort to exclude from the total award sought any and all time spent exclusively on issues as to which the Does did not prevail in other phases of litigation or which are otherwise non-recoverable." (*Id.*) Plaintiffs also claim to have "made a good faith effort to avoid

2

duplication of time, and they endeavored to split tasks according to the minimum legal and practical skills required to effectively and efficiently complete such tasks." (*Id.* at 6.) Plaintiffs argue that their "expenditures of time are reasonable in the circumstances of this case," which was "hard-fought, factually detailed, and legally complex." (*Id.*)

Specifically, Plaintiffs seek $62,987.50 in attorneys' fees and costs in connection with their motions for attorneys' fees, accounting for 215.2 hours billed. (*Id.* at 4.) Plaintiffs seek $3,900.00 in attorneys' fees and costs in connection with other post-judgment matters, accounting for 10.5 hours billed. (*Id.*) In total, Plaintiffs seek $66,887.50, which includes billing by partners at the rate of $375 per hour. (*Id.*)

Defendant objects to Plaintiffs' request on two grounds: 1) the requested amount "fails to include any deductions for the same modifications this Court ordered when ruling on Plaintiffs' prior fee petitions," and 2) "the total hours spent in this matter on the fee petitions themselves are excessive, unnecessary and/or unwarranted." (Def.'s Opp. at 3-4.) Defendant does not object to the 10.5 hours billed by Plaintiffs' counsel for other post-judgment matters. (*See generally id.*) The Court will address Defendant's objections in turn.

The time expenditures which are thoroughly documented in Exhibit A-2 are presented chronologically and appear to represent the practice of veteran civil rights attorneys in contemporaneously capturing all work performed. The Court acknowledges counsel's representations that they have attempted to be effective while efficient in their use of law students and partners and in their task allocations to avoid duplication. Defendant argues that Plaintiffs "have offered no rationale or evidence to establish why their requested supplemental amount should not be reduced in accordance with the Court's" modification of prior fee petitions. (*Id.* at 4.) Defendant makes the conclusory allegation that the amount requested in the Supplemental

3

Motion "remains excessive, unnecessary and/or unwarranted" and that thus the Court "should impose the same modifications," (*id.*), but Defendant points to no factors warranting similar reductions and does not identify any specific billing entries or practices which are allegedly excessive, unnecessary, or unwarranted. As Plaintiff notes, "the Court's analysis of the Does' counsel's time was limited to the facts, figures, and time period before it in the Plaintiffs' Second Motion." (Pls.' Reply Supp. Supplemental Mot. [Doc. #300] at 3.) Thus, in the absence of any argument by Defendant regarding specific billing entries or practices reflected in the Supplemental Motion, the Court's previous deductions will not be applied generally to this award.

Separately, Defendant challenges Plaintiff's request for $62,987.50 for work on Plaintiffs' fee petitions, referencing the $35,157.70 already awarded for prior fee petitions, and totaling the work claimed for all fee petitions at $98,145.[1] (*Id.* at 3.) Defendant argues that in addition to imposing the previously applied modifications, the Court "should further reduce the amount requested in Plaintiff's Supplemental Motion for time spent on fee petitions by an additional 50% due to the exorbitant nature of the request," for a total reduction by 70% of the 215.2 hours billed exclusively for fee petitions. (*Id.* at 5, 7.) Specifically, Defendant argues that the hours billed on fee petitions and included in the Supplemental Motion "reflect continued unnecessary research and continued unnecessary conferences between Ms. Hagerty and others to produce petitions which are fairly routine," especially because Plaintiffs have already submitted prior fee petitions in this case. (*Id.* at 6.)

---

[1] Defendant calculates the total work claimed for all fee petitions to be $95,602.50, including $60,445.00 from the Supplemental Motion. That figure is calculated using the $350 hourly rate, but Plaintiffs seek reimbursement for their fee petitions at the $375 hourly rate and thus actually seek an additional $62,987.50 for fee petitions in their supplemental motion.

4

However, a proper perspective requires viewing this fee request in the context of the very significant results achieved for John Doe in this protracted and heavily litigated special education case. To achieve these outcomes, extensive attorney effort was required, and to receive statutory compensation, substantial effort was required to present each attorneys' fee petition. No light is shed on the reasonableness of the pending Supplemental Motion by harking back to a past fee petition which has already been adjudicated. Certainly fee petitions do not reflect the complexity of the case merits and generally do not require special education law expertise. But the fact that Plaintiffs' fee request is substantial does not mean it is "exorbitant" or that the time devoted to crafting Plaintiffs' fee petitions was unnecessarily high. But again here, beyond its general argument that "research" and "conferences" in preparation for fee petitions were unnecessary, Defendant has failed to identify any specific billing entries which are allegedly "extraordinarily exorbitant." (Def.'s Opp. at 7.)

Plaintiffs respond that "the entries relative to research reflect only 17.6 hours, 12.5 of which were performed by law students at a reduced rate," and that the "intraoffice conferences were necessary to effectuate counsel's conscientious efforts to divide tasks according to the minimum legal and practical skills required to effectively and efficiently complete them." (Pls.' Reply at 5.) Plaintiffs also argue that "in assessing the reasonableness of hours expended on fee petitions, the Court should compare the total hours devoted to a fee petition against the total number of hours billed in the case," while keeping in mind "the complexity of the case." (*Id.* (citing *Chabad Lubavitch of Litchfield Cty, inc. v. Borough of Litchfield*, 2018 WL 2332075 (D. Conn. May 23, 2018)).)

In *Chabad Lubavitch*, "for example, the Court deemed counsel's time relative to work performed on the fee petitions reasonable, where that time constituted approximately 13.8% of the

total number of hours billed." (Pls.' Reply at 5.) Here, Plaintiffs calculate that their counsel's "work in connection with the fee petitions constituted 14.4% of the total hours billed in this case," which they characterize as "a percentage only a hair greater than that which was deemed reasonable" in *Chabad Lubavitch*. (*Id.* at 5-6.)

Defendant cites to a long string of cases in support of its request for a 70% reduction but offers little argument as to how the conclusions of those cases apply here. (*See* Def.'s Opp. at 7 n.2.) Plaintiffs argue that those cases "are distinguishable from this case for a variety of reasons," primarily differences in the level of factual and legal complexity involved. (Pls.' Reply at 6 n.5.) The cases cited by Defendant emphasize that fee awards are highly factual matters dependent upon the circumstances of each case. For example, in *K.L. v Warwick Valley Central; School District*, the Second Circuit Court of Appeals noted that district courts have "great leeway" in ruling on fee petitions and upheld a district court's decision not to grant fees for fee petitions where the fee petition was "straightforward" and "the underlying fee request was exorbitant." 584 F. App'x 17, 20 (2d Cir. 2014). Similarly, the reductions in *M.A. v. Torrington Bd. of Education* appear driven by the specific facts and circumstances of that case and do not indicate what reductions, if any, would be proper here. 980 F. Supp. 2d 279, 300 (D. Conn. 2014).

Nonetheless, the Court agrees that lengthy research was likely unnecessary to complete Plaintiffs' fee petitions, especially because Plaintiffs had previously filed a fee petition in this case and such petitions are likely a frequent occurrence in Plaintiffs' counsel's special education practice. Although Plaintiffs' fee petitions are carefully and thoroughly presented, because of the factual nature of fee petitions, those filings do not demonstrate that extensive legal research was necessary. Moreover, although the petitions include billing entries which are detailed, the Supplemental Motion does not make clear the specific need or purpose for some of those entries.

Thus the Court will apply two of the modifications which it applied to Plaintiffs' Second Motion for Attorneys' Fees: the 20% reduction in time spent preparing attorneys' fees motions, and the 25% reduction in time spent by law students. Per Plaintiffs' calculations, those reductions will reduce their overall fee award by $10,172.50. (Pls.' Mem. at 9.) Subtracting that amount from the requested $66,887.50, Plaintiffs will be awarded $56,715 in attorneys' fees.

III. Conclusion

For the foregoing reasons, Plaintiffs' updated fee calculation of $481,013.82 for the period through October 31, 2017 is hereby ordered, and Plaintiffs' Supplemental Motion for Attorneys' Fees [Doc. # 294] is GRANTED as modified herein obligating Defendant to pay a total of $537,728.82 for Plaintiffs' attorney fees and costs.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of March 2020.