UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, by and through his parent, JANE DOE<br>　　　*Plaintiffs*,<br><br>　　　　　*v.*<br><br>EAST LYME BOARD OF EDUCATION,<br>　　　*Defendant.* | Civil No. 3:11cv291 (JBA)<br><br><br>June 10, 2022 |

**RULING ON MOTION TO ARTICULATE AND MOTION TO STAY**

This case is brought by Plaintiff John Doe, by and through his parent Jane Doe, against the East Lyme Board of Education for violations of the Individuals with Disabilities Education Act. After filing a notice to appeal the Substituted Amended Final Judgment, Plaintiffs filed a "Motion to Articulate What Constitutes Analogous Pendency Programs During Proceedings and Motion to Stay the Establishment of the Escrow Account." (Mot. [Doc. # 356].) On July 26, 2021, the Second Circuit construed Plaintiffs' "Motion to Articulate" as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and held Plaintiffs' appeal in abeyance until this Court decides their motion. (Order [Doc. # 384].)

In their Motion to Articulate, Plaintiffs ask the Court to "define what constitutes an analogous program *during proceedings*," (Mot. at 3), "amend the judgment to order reimbursement for, at least, the analogous pendency services, (*id.* at 7), make the reimbursement award "the same as the 'prospective' award," (*id.* at 10), and "stay the establishment of the escrow account for the 'prospective' award," (*id.* at 1, 12-13). Specifically, Plaintiffs seek reimbursement for "analogous pendency programs to [John Doe's] evolving needs," including reimbursement for "pendency placement tuition or transportation, all pendency summer services, all pendency assistive technology, all pendency physical therapy, and all pendency evaluations for multiple years." (*Id.* at 4.)

A Rule 59(e) motion seeks to alter or amend a judgment. There are "classically four grounds" upon which a motion to amend may be granted:

First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered evidence or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Schwartz v. Twin City Fire Ins. Co.*, 492 F. Supp. 2d 308, 325 (S.D.N.Y. 2007) (quotations omitted) (quoting Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2810.1 (1995)). The decision to grant a motion to amend rests within a district court's discretion. *Id.*

The Court has already determined that "analogous services" are "services which benefit John based on his current disability and needs" which have a "resemblance" to the stay-put services. *Doe v. East Lyme Bd. of Ed.*, 262 F. Supp. 3d 11, 28 (D. Conn. 2017). The Second Circuit has also opined that "analogous" services did not include "tuition, as that was not a 'type' of service" included in John Doe's individualized education plan ("IEP"). *Doe v. East Lyme Bd. of Ed. (Doe III)*, 962 F.3d 649, 664 (2d Cir. 2020). In the same opinion, the circuit court concluded that Plaintiffs' requests for "assistive technology, extended school year services, and other services not covered by the stay-put IEP" were barred by the law of the case doctrine, which forecloses reconsideration of issues that were decided during prior proceedings. *Id.* at 664; (*see also* Order Denying Pls.' Mot. to Stay Hr'g [Doc. # 219] at 1 ("The Court has directed that no evidence will be presented at the forthcoming trial on the issue of reimbursement for 'uncovered services.'").) Plaintiffs have not demonstrated any manifest errors of law or fact, newly discovered evidence, manifest injustice, or intervening controlling law which warrants an amendment of the Substituted Amended Final Judgment to include reimbursement of these "pendency" services. Instead, they cite to the purpose of the Individuals with Disabilities Education Act, John Doe's evolving needs, and the length of litigation. (Pls.' Mot. at 4-9.) But these factors, having already been considered, do not

persuade the Court to alter its judgment.[1] As such, Plaintiffs' request to amend the Substituted Amended Final Judgment to order reimbursement for "analogous pendency services" is denied.

Plaintiffs also contend that the establishment of an escrow account for the prospective award should be stayed because it "compromises [their] due process rights" and "unjustly engorge[s] the Board." (Mot. at 12-13.) Plaintiffs do not clarify the length of their proposed stay. Further, they ask that, instead of an escrow agent, they be awarded "interest on the related services since [they] lost the value of the use of the money for years." (*Id.* at 13.) Defendant does not take a position on Plaintiffs' request for a stay, but argues that Plaintiffs' request for interest is procedurally barred. (Defs.' Opp'n [Doc. # 361] at 18-19.)

Plaintiffs' request for a stay of the establishment of the escrow account for the prospective award is unopposed, and accordingly, the Court will grant this request, but only until Plaintiffs' fourth appeal has been resolved.[2] As Plaintiffs have requested this stay, the Court clarifies that Defendant is not responsible for any post-judgment interest while the stay remains in effect. Further, the interest award in this case has already been calculated and affirmed on appeal. *See Doe III*, 996 F.3d at 661-62. Therefore, Plaintiffs' request for interest on "related services" instead of an escrow agent is barred by the law of the case doctrine. *See United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007) ("[T]he law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings.").

The parties also inform the Court that the originally appointed escrow agent has "declined to serve." (Defs.' Opp'n at 19-20.) Plaintiffs ask that the Court allow them to "choose

---

[1] Plaintiffs further argue that the Second Circuit erred by overlooking the facts of *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 199 (1982), but this Court cannot alter the decision of the Second Circuit.

[2] The Second Circuit granted a similar request for a stay pending the resolution of Plaintiffs' Third Appeal. *See* 19-354, Doc. # 20.

the escrow agent with the Court's approval," (Mot. at 13), while Defendant requests the right to choose the escrow agent because Plaintiffs do not bear the "responsibility for paying the escrow agent or any associated costs." (Defs.' Opp'n at 19.) As with the previous appointment, the Court will consider the proposed escrow agents and any objections of both parties before appointing an escrow agent, (Order Appointing Escrow Agent [Doc. # 283] at 1-2), to take place at the conclusion of Plaintiffs' fourth appeal.

Finally, Defendant requests an "injunction requiring Plaintiffs to obtain leave of the Court before filing any additional documents on the docket and requiring Plaintiffs to pay for the attorneys' fees incurred by the board in responding to this instant frivolous Motion." (Def.'s Opp'n at 2, 20-24.) Plaintiffs maintain that sanctions are inappropriate because they are simply asking the Court to define "analogous fees," a term left undefined by the Second Circuit. (Pls.' Reply at 44.)

A court may issue an order enjoining a litigant from filing vexatious motions when a litigant has "abused the judicial process to harass defendants with vexations and frivolous suits." *Sassower v. Sansverie,* 885 F.2d 9, 11 (2d Cir. 1989). While Plaintiffs' motion is styled as a "Motion to Articulate," at bottom, it seeks to relitigate the previous rulings of this Court and the Second Circuit without an appropriate basis. Moreover, in Plaintiffs' third appeal, the Second Circuit warned that any further requests for reimbursement of uncovered funds "would be equally frivolous." *Doe III*, 962 F.3d at 664. As such, Plaintiffs are hereby warned that if they continue to file frivolous motions, the Court may impose a requirement that they obtain permission of the Court before making future filings. *See Book v. Tobin*, No. 3:04cv442 (JBA), 2012 WL 2190750, at * 2 (D. Conn. June 14, 2012) (warning a pro-se plaintiff that an injunction "directing the Clerk of this Court to refuse to accept for filing any submissions from him" would issue if he continued to file frivolous motions after the Second Circuit warned him of the consequences of filing frivolous motions). The Court, however, declines to award attorneys' fees as a sanction for Plaintiffs' frivolous filing. Rule 11 sanctions must

be "made separately from any other motion," Fed. R. Civ. P. 11(c)(2), and Defendant's request for sanctions is made in an opposition memorandum. Accordingly, Defendant's request is not properly considered at this time.

For the foregoing reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. The Court declines alter or amend its Substituted Amended Final Judgment but will grant Plaintiffs' request for a stay of the establishment of the escrow account for the prospective award.


IT IS SO ORDERED.


_____/s/_____
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 10th day of June 2022