UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, BY AND THROUGH HIS PARENT, JANE DOE,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>EAST LYME BOARD OF EDUCATION,<br><br>    *Defendant*,<br><br>KOTIN, CRABTREE, & STRONG LLP,<br><br>    *Intervenor.* | Civil No. 3:11-CV-00291<br><br>January 5, 2023 |

**ORDER DENYING PLAINTIFF'S MOTIONS TO APPORTION THE FEE AWARD, NULLIFY OR REDUCE THE ATTORNEY'S CHARGING LIEN, AWARD PRO SE FEES AND COSTS, AND SUPPLEMENT THE RECORD**

This case is brought by Plaintiff John Doe, by and through his parent Plaintiff Jane Doe, against Defendant East Lyme Board of Education for violations of the Individuals with Disabilities Education Act ("IDEA"). The Court found that Defendant had failed to provide John Doe with required services during the pendency of the case and awarded Ms. Doe her out-of-pocket expense for those services, a prospective compensatory education award, and attorneys' fees and costs. Plaintiff Ms. Doe has filed several motions seeking to revisit the attorneys' fee award and prospective award. Plaintiff has moved [Doc. # 309] to "nullify and to void" the attorneys' charging lien her former counsel, Intervenor Kotin, Crabtree, & Strong LLP ("KCS"), has against the Court's fee award. She has also moved [Doc. # 311] to "articulate a division of any fee and cost award and to articulate a reasonable fee" in light of IDEA's fee-shifting provision and moved[1] [Doc. # 347] for the "division of the attorneys' fee and cost

---

[1] KCS has moved [Doc. # 378] to disregard the portions of Plaintiff's reply to its opposition to this motion relating to the reasonableness of KCS's fees as unrelated to the original motion.

1

award and for pro se costs." Separately, Plaintiff moves [Doc. # 369] for Defendant to pay her *pro se* costs for her second and third appeals. Finally, Plaintiff moves [Doc. # 381] to supplement the record regarding the prospective award.

For the reasons articulated below, Plaintiff's motions are DENIED and KSC's motion to disregard portions of Plaintiff's reply is GRANTED.

**I.    Background**

The Court assumes the parties' familiarity with the underlying facts and history of this case. The pertinent details are as follows. The Court found that Defendant had violated IDEA by failing to offer John Doe an individualized education plan ("IEP"), but Plaintiffs were not entitled to relief for this violation because the school that Ms. Doe placed John at was not an appropriate placement under IDEA. *Doe v. E. Lyme Bd. of Ed.*, No. 3:11cv291, 2020 WL 7078727, *2 (D. Conn. Dec. 3, 2020). The Court also found that Defendant violated Plaintiff's "stay-put" rights under IDEA, which require that "during the pendency of any proceedings conducted pursuant to this section . . . the child shall remain in the then-current educational placement of the child." *Id.* Following a partial remand from the Second Circuit, the Court ordered Defendant to reimburse Ms. Doe's out-of-pocket expenses for services that should have been provided by the Board during the pendency of proceedings and "place $203,478.101 for compensatory education into an escrow account for John Doe, to remain open for six years or until John graduates college, whichever occurs first" ("the prospective award"). *Id.* at *1.

KCS represented Plaintiff before this Court throughout this case. (KCS' Opp'n to Plaintiff's Mots. Doc. # 304, 309, and 311 ("KCS' Consolidated Opp'n")[Doc. # 329].) The total amount charged by KCS to Plaintiff is $758,133.92, of which $274,465.12 has already been paid. (*Id.* at 5.) Attorney Lawrence Joseph, who is not affiliated with KCS and represented Plaintiff in her first appeal, *Doe v. E. Lyme Bd. of Ed.*, 962 F.3d 649 658 ("*Doe I*"), charged Plaintiff $60,000, all of which has been paid. (Pl.'s Mot. for Pro Se Costs ("Pl.'s Mot. 369")

2

[Doc. # 369] at 2 n.5.) Plaintiff has also incurred $4,780 in costs in her second and third appeals, *Doe v. E. Lyme Board of Education*, 747 F. App'x 30 (2d Cir. 2019) ("*Doe II*") and *Doe v. East Lyme Board of Education,* 962 F.3d 649 (2d Cir. 2020) ("*Doe III*"). (*Id.* at 2.) On March 17, 2020, the Court awarded [Doc. # 301] Plaintiff $537,728.82 for attorneys' fees and costs.

## II.     Attorney's Fees and Costs

### A.     Amount and Apportionment of the Fee Award

Plaintiff has moved "to articulate how any fee award is to be divided and what is the effective ceiling on a reasonable fee award" (Pl.'s Mot. to Articulate Fee and Cost Award ("Pl.'s Mot. 311") [Doc. # 311] at 1) [2] and to divide the fee award between Plaintiff and KCS (Pl.'s Mot. for Division of Fees and Costs Award and for Pro Se Costs ("Pl.'s Mot. 347") [Doc. # 347] at 1). The Court construes Plaintiff's motions, which ask the Court to alter the substance of its judgment, to be Rule 59(e) motions to alter or amend judgment. which may be done "to correct a clear error of law or prevent manifest injustice."[3] *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). There are "classically four grounds" upon which a motion to amend may be granted: "to correct manifest errors of law or fact upon which the judgment is based," "so that the moving party may present newly discovered evidence or previously unavailable evidence," "to prevent manifest injustice," and "an intervening change in controlling law." *Schwartz v. Twin City Fire Ins. Co.*, 492 F. Supp. 2d 308, 325 (S.D.N.Y. 2007). Furthermore, Rule 59(e) " may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

---

[2] Plaintiff made additional arguments regarding the amount and division of the fee award in her earlier motion to stay or modify the fee award [Doc. # 304], but stated that this motion [Doc # 311] replaces the earlier one.

[3] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

Plaintiff first argues that the Court's reduction of KCS' requested fees was impermissible under IDEA. (Pl.'s Mot. 311 at 2.) Plaintiff bases her argument on 20 U.S.C. § 1415(i)(3)(G), which states that the reductions in attorney's fees outlined in § 1415(i)(3)(F) are not permitted "if the court finds that . . . there was a violation of [section 1415]." (Pl.'s Mot. 311 at 2-3.) As Defendant violated Plaintiff's stay-put rights, *Doe v. East Lyme Board of Education*, No. 3:11 CV 291(JBA), 2012 WL 4344304, *20 (D. Conn. Aug. 14, 2012), which are set forth in 20 U.S.C. § 1415(j), Plaintiff contends that the Court erred in reducing the attorney's fees award below the actual amount billed. (Pl.'s Mot. 311 at 2-3.) KCS opposes Plaintiff's interpretation of § 1415, arguing that IDEA only requires the reimbursement of reasonable fees, rather than all fees expended. (KCS' Consolidated Opp'n at 8-9.)

Plaintiff's objection to the Court's fee award is misplaced. IDEA does not require that litigation be "free to a prevailing party." (Pl.'s Mot. 347 at 25.) While IDEA requires states, through their state and local education agencies, to provide a free and appropriate education to all children, 20 U.S.C. § 1412(a)(1)(A), it provides only for the award of *reasonable* attorneys' fees and costs to the prevailing party, 20 U.S.C. § 1415(i)(3)(B)(i). Plaintiff is correct that this divergence means a free education may nonetheless require an outlay of unreimbursed legal costs by parents, (Pl.'s Mot. 347 at 25), but that may be what the statute provides in some instances. Second, subparagraph G governs the fee reductions in subparagraph F; subparagraph G "does not mandate that the district court abandon its discretion to ensure that fees are reasonable." *M.M. v. N.Y. City. Dep't of Ed.*, 20 Civ. 6915 (ER), 2022 WL 3043218, *4 (S.D.N.Y. Aug. 2, 2022). As the Sixth Circuit explained in *Somberg v. Utica Comm. Sch.*, 908 F.3d 162, 181 (6th Cir. 2018):

> 20 U.S.C. § 1415(i)(3)(B)(i) . . . —the provision enumerating the circumstances that warrant an award of attorney fees— specifically says that, in those circumstances, the court may award reasonable attorney fees in its discretion. If a court determines, therefore, that fees are warranted under subparagraph (B), then it may award only reasonable fees. One way for a court to ensure that fees are reasonable is to reduce

4

> the suggested award if the amount requested is found to be unreasonable. Subparagraph (G), when found applicable, does not mandate that the district court abandon its discretion to ensure that fees are reasonable.

The Court's reductions to Plaintiff's fee award from the amount billed by KCS were not based on subparagraph F but were instead based on the Court's obligation under subparagraphs B and C to only award reasonable fees and costs. (Ruling on Pl.'s Second Mot. for Att'y's Fees [Doc. # 291] at 9-10.) Thus, awarding less than the billed fees was proper.

Plaintiff also appears to argue that the Court should apportion the Court's fee award so that she is reimbursed for all fees and costs she paid and KCS receives the remaining portion of the fee award, asserting that this division is necessary in order to fulfill IDEA's guarantee of a free education. (Pl.'s Mot. 311 at 2.) Essentially, she is requesting that the Court apportion the award so KCS, not Plaintiff, bears the shortfall between the Court's fee award and her actual fees and costs. KCS argues that the Court should instead enforce Plaintiff's written agreement with KCS and apportion the award so KCS receives all its outstanding fees.[4] (KCS' Consolidated Opp'n at 3.) As discussed above, while IDEA guarantees a free and appropriate education, it does not guarantee complete reimbursement of attorney's fees and costs. Therefore, there is no basis for the Court to revisit the award or apportion it as Plaintiff requests.

---

[4]

| KCS' preferred apportionment | | Plaintiff's preferred apportionment | |
|---|---|---|---|
| $758,133.92 | KCS' total fees | $537,728.82 | Fee award |
| -$274,465.12 | Amount already paid to KCS | -$60,000.00 | Attorney Joseph fees |
| **$483,668.80** | **Amount owed to KCS** | -$274,465.12 | Amount already paid to KCS |
| | | **$203,263.70** | **Total to be paid to KCS** |
| $483,668.80 | Amount owed to KCS | **$0** | **Unreimbursed costs to Plaintiff** |
| +$60,000.00 | Attorney Joseph fees | **$280,405.10** | **Unreimbursed KCS fees** |
| -$537,728.82 | Fee award | | |
| **$280,405.10** | **Unreimbursed costs to Plaintiff** | | |
| **$0** | **Unreimbursed KCS fees** | | |

5

### B. Attorney's Charging Lien

KCS has an attorney's charging Lien against Plaintiff for $483,668.80, the remaining unpaid fee balance. (KCS' Consolidated Opp'n at 14). Connecticut recognizes common law attorney's charging liens, which are "founded on the equitable right of an attorney to recover fees and costs due for services out of the judgment obtained." *Olszewski v. Jordan*, 315 Conn. 618, 624-25 (2015). The lien is placed on "any money recovered or fund due the client at the conclusion of the lawsuit." *D'Urso v. Lyons*, 97 Conn. App. 253, 256 (Conn. Ct. App. 2006). Plaintiff argues that the Court should either nullify (Pl.'s Mot. to Nullify KCS' Charging Lien ("Pl.'s Mot. 309") [Doc. # 309])or reduce the lien (Pl.'s Mot. 347; Pl.'s Mot. 369).

### 1. Plaintiff's Motion to Nullify the Lien

Similar to Plaintiff's motion to apportion the fee award, Plaintiff moves to nullify the charging lien and have KCS bear the difference between the Court's award and Plaintiff's total fees and costs. (Pl.'s Mot. 309 at 2.) Plaintiff asserts that KCS does not have a valid charging lien because it is not mentioned in her written fee agreement. (Pl.'s Mot. 309 at 3-4.) She also argues that having to pay KCS' full costs, as per the charging lien, would violate public policy because IDEA entitles her to a free education for John (*Id.* at 2), and because the lien places KCS' interests over hers, impeding further settlement with Defendant and generally weakening her bargaining position. (*Id.* at 5-6.) KCS claims a valid charging lien and that Plaintiff has confused IDEA's guarantee of a free and appropriate education with a guarantee that all litigation costs will be reimbursed. (KCS' Consolidated Opp'n at 15.)

In *D'Urso*, 97 Conn. App. at 257, the appellate court found that where a judgment was obtained as a result of an attorney's work, the attorney had a charging lien even if the attorney's fees were hourly and the written fee agreement between the attorney and the client was silent on the payment of fees from any recovery. The fact that Plaintiff's fee agreement with KCS did not mention fees contingent on Plaintiff's recovery does not invalidate the charging lien. *Id.* at 257-58. For more than a century, Connecticut has

6

recognized common law charging liens, with the amount of the lien depending on the amount of the attorney's fees charged, not the amount of any award. *See Olszewski*, 315 Conn. at 624-25.

The lien also does not contravene public policy and is consistent with IDEA's statutory scheme. First, IDEA's fee-shifting provision provides for an award of *reasonable* fees and costs to the prevailing party, not all fees and costs. 20 U.S.C. § 1415(i)(3)(B). Second, the goal of fee-shifting provisions like IDEA's is "to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Kay v. Ehrler*, 499 U.S. 432, 436 (1991). If competent counsel are denied their fees, they are less likely to be able or willing to take on cases like Plaintiff's.

### 2. Plaintiff's Motion to Reduce the Lien

In addition to seeking to void the lien, Plaintiff moves to reduce the lien by the amount of Plaintiff's unreimbursed attorneys' fees and costs, pro se appellate costs, and educational expenses. (Pl.'s Mot. 347 at 3; Pl.'s Mot. 369 at 7.)

As to attorneys' fees and costs, Plaintiff argues that the value of the lien should be reduced so the Court's fee award will fully cover all Plaintiff's attorney's fees and costs, including Plaintiff's payments to firms other than KCS, which Plaintiff argues should have been included in KCS' fee petition. (Pl.'s Mot. 347 at 23-28).[5] KCS responds that the attorneys' fee award was reasonable given that Plaintiff did not succeed on many of her claims, Plaintiff did not inform KCS about many of the other attorneys she consulted and there were valid legal grounds for KCS' decision to exclude the other attorneys' fees it was aware of. (KCS Reply to Pl.'s Mot. 347 [Doc. # 353] at 15-17.)

---

[5] Plaintiff also restates her argument that under 20 U.S.C. § 1415(i)(3)(G) she should be reimbursed for all attorneys' fees and costs. (Pl.'s Mot. 347 at 21-26.) As explained previously, Plaintiff's understanding of IDEA's fee-shifting provision is misplaced.

7

The Court will not hold KCS responsible for fees it was not aware of and accepts KCS' explanation for not including the other attorneys' fees. As Plaintiff acknowledges (Pl.'s Mot. 347 at 33-37), Attorney Barrington was not able to provide contemporaneous time records, as required for a court to determine whether time billed was reasonable, and thus reimbursable under IDEA. *See G.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 435-36 (S.D.N.Y. 2012) (explaining the importance of contemporaneous records to determining reasonable compensation in IDEA cases). Regarding Attorney Joseph, at the time the fee request was submitted, none of the appellate claims on which he had represented Plaintiff were successful, as required for a fee award under IDEA, and KCS explains that the work he had done in the district court was duplicative of their work and so was not sought by KCS. *See G.B.*, 894 F. Supp. at 437 (reducing the fee award where entries are duplicative).

As to unreimbursed educational expenses and pro se appellate costs, Plaintiff argues that the charging lien should be reduced by these amounts because they are "damages" caused by deficient representation by KCS. (Pl.'s Mot. 347 at 23; Pl.'s Mot. 369 at 7.) KCS replies that there is no valid legal basis for any of these claimed deductions and that Plaintiff has not accurately depicted KCS' efforts in representing her. (KCS' Reply to Pl.'s Mot. 369 [Doc. # 371] at 7-17.)

Plaintiff's arguments on this front, which attempt to seek reimbursement that the Second Circuit has already denied, are foreclosed by the law of the case doctrine, which requires the court "follow an appellate court's previous ruling on an issue in the same case," *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002), and "forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings," *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007). In *Doe III*, the Second Circuit ruled that Plaintiff is not entitled to reimbursement for private school tuition, summer services, or physical therapy. *Id.* at 662, 666. It also declined to grant Plaintiff's claim to reimbursement for her expert witness fees. *Id.* at 666. Finally, in an order following *Doe*

*III*, the Second Circuit denied Plaintiff's motion for her pro se appellate costs. Order at 1, *Doe v. E. Lyme Bd. Of Ed.*, No. 19-354 (2d Cir. Jan. 27, 2021).[6]

### III. Damages Award

Plaintiff has moved to supplement the record with evidence related to the current educational trajectory of John Doe, seeking to extend the prospective compensatory education award. (Pl.'s Mot. to Supplement ("Pl.'s Mot. 381") [Doc. # 381] at 1.) Plaintiff explains that because John was a college science major who graduated in May 2022, his major and graduation date deprived him of sufficient opportunities to fully take advantage of the six-year prospective award ordered by the Court, so the Court should instead award her the full value of the related services she provided during her son's elementary and secondary education. (*Id.* at 2-3. 5.) Defendant responds that both this Court and the Second Circuit were aware of John Doe's interest in hard science and the fact that he might graduate college, concluding the prospective award before its six-year end point. (Def.'s Reply to Pl.'s Mot. 381 ("Def.'s Reply 381") [Doc. # 382] at 2-3.)

The information that Plaintiff seeks to introduce is not newly discovered. Plaintiffs' evidence and briefing at both the trial and appellate levels reflected John's interest in science and intent to focus on science in college. (Hearing Tr. Sept. 22, 2016 [Doc. # 222] at 185-191; Supp. Br. For Pl.-Appellants, *Doe v. E. Lyme Bd. Of Ed.*, No. 19-354 (2d Cir. May 24, 2019).) The Court's decision to structure the prospective award so that it would be in place until the earlier of John's college graduation or six years, a structure that the Second Circuit affirmed,

---

[6] For the same reason, Plaintiff's request that the Court directly award her pro se appellate costs is denied. (Pl.'s Mot. 369 at 3.)

The Court also grants KCS' motion [Doc. # 378] to disregard the portions of Plaintiff's reply to KCS' objection. "Arguments may not be made for the first time in a reply brief," *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993), and Plaintiff's arguments that KCS must reimburse her for certain fees and that the Court should reduce the fees KCS charged Plaintiff were not made in her initial motion. (Pl.'s Mot. 369, Pl.'s Reply to KCS Opp'n [Doc. # 375] at 3-5, 9.)

demonstrates awareness of the potential that John could graduate college before six years had passed. *See Doe III*, 962 F.3d at 658 (noting this structure for the length of the prospective award by the Court).

Additionally, Plaintiff's requested relief is barred by the law of the case. The Second Circuit has affirmed both the prospective award and the timing of the award. In *Doe I*, the Second Circuit noted that reimbursement of the full value of related services was not permitted under IDEA and directed the Court to instead calculate a prospective award. 790 F.3d at 456-57. Then, in *Doe III*, the Second Circuit affirmed the Court's decision to maintain the prospective award "until John completed college or until six years passed, whichever comes first." 962 F.3d at 658, 667. Plaintiff argues that the law of the case doctrine should not bar this motion because of the newly discovered evidence and the need to prevent a manifest injustice by unjustly enriching Defendant and forcing her to bear John's educational expenses. (Pl.'s Mot. 381 at 5, 16-18.) However, as explained above, this evidence is not newly discovered. The Court's intervention is also not required to "prevent manifest injustice." *Munafo*, 381 F.3d at 105 (2d Cir. 2004). In *Doe I*, the Court considered the importance of crafting a remedy that neither incentivized stay-put violations by school systems nor made access to services dependent on parental means and concluded that a prospective award of compensatory education was the most appropriate remedy in this case. *Doe I*, 790 F.3d at 456-57.

## IV. Sanctions

Defendant Board of Education requests that the Court sanction Plaintiff for what it describes as repeated frivolous filings, urging the Court to enjoin Plaintiff to obtain leave of the Court before making any future filings and requiring Plaintiff to pay the Board's attorneys' fees for responding to Plaintiff's Motions 369 and 381. (Def.'s Opp'n to Pl.'s Mot. 369 [Doc. # 370] at 13-15; Def.'s Opp'n to Pl.'s Mot. 381 [Doc. # 382] at 3 n.1.) The Court has previously warned Plaintiff that seeking to relitigate the rulings of the Court and the Second

Circuit would be considered frivolous and could lead the Court to require Plaintiff to obtain the permission of the Court before making future filings. *Doe v. E. Lyme Bd. of Ed.*, No. 3:11cv291 (JBA), 2022 WL 2105855 (D. Conn. Jun. 10, 2022). As discussed above, both Plaintiff's Motions 369 and 381 are obvious attempts to relitigate issues related to Plaintiff's damages award and attorneys' fees that have already been addressed by this Court and the Second Circuit. The Court will accordingly issue an injunction directing the Clerk of the Court to refuse any filing from Plaintiff related to the prospective award or attorneys' fees unless Plaintiff first obtains the leave of the Court. However, the Court denies Defendant's request for attorneys' fees. Rule 11 sanctions must be "made separately from any other motion," Fed. R. Civ. P. 11(c)(2), and Defendant's requests for sanctions are made in opposition memoranda. Thus, the Court will not consider Defendant's request at this time.

## V.     Conclusion

For the reasons given above, Plaintiff's motions [Doc. ## 309, 311, 347, 369, 381] are DENIED, and KCS' motion [Doc. # 378] to disregard portions of Plaintiff's reply is GRANTED.

It is hereby ordered that Plaintiffs are enjoined from filing any further motions related to the prospective award of compensatory education or the terms of the attorney fee award unless Plaintiffs first obtains leave of the Court to do so.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of January, 2023

11